Missouri, Kansas & Texas Railway Company of
Texas v. T. H. Jenkins et al.

Decided April 9, 1904

**1.—Charge—Issues Not Raised.**

It is error for the court to charge with reference to matters not presented by the pleadings and evidence.

**2.—Carriers—Notice to Shipper of Consignee's Refusal to Receive Freight—
Damages.**

Where cotton was shipped by rail consigned to "shipper's order, Dallas, Texas, notify W. & Co.," the carrier, if it was its duty to notify the shipper that W. & Co. had refused to receive the cotton, would be liable for decline in the market price of the cotton only from the time it was notified by W. & Co. of their refusal to receive the cotton, or by the exercise of ordinary diligence could have known of such refusal.

**3.—Same—Liability as Warehouseman.**

The carrier, if liable at all, would be liable only as warehouseman if it exercised reasonable diligence in notifying the shipper of the consignee's failure to receive the cotton.

Appeal from the County Court of Denton. Tried below before Hon. I. D. Ferguson.

*J. T. Bottorff,* for appellant.

CONNER, Chief Justice.—On the 21st day of February, 1901, appellees delivered to the appellant railway company, at Lewisville, Texas, for shipment, forty bales of cotton, consigned to "shipper's order, Dallas, Texas, notify White & Company." Appellees alleged as a basis for the recovery of the judgment from which this appeal has been prosecuted, that said cotton had been negligently and fraudulently delivered to White & Co. at Dallas, against appellees' wishes and contrary to the contract of shipment made between the parties. It was also alleged that White & Co. had refused to take said cotton; that appellant had negligently failed to notify the appellees of said refusal until the 12th day of March following, to appellees' damage in fall of market price, the amount of the recovery, to wit, $197.80. Numerous errors are assigned, but we will notice them in a general way only.

We think the first assignment complaining of the following charge given by the court well taken: "You are instructed that it was the duty of the railway company to so carry out its contract and ship said cotton to Dallas in a reasoanble time, and to give the notice to White & Co. as agreed upon in the bill of lading." There was neither allegation nor proof that appellant failed to transport the cotton within reasonable time or to give notice to White & Co. of its arrival as agreed upon in the bill of lading. The charge given was hence wholly inapplicable to the real issues in the case. The same conclusion obtains with equal force as to that part of the court's charge complained of in the second assignment of error, viz: "Should you find and believe by a preponderance of evidence that the defendant railway company did deliver the cotton to W. White & Co. without the surrender of the bill of lading to the

railway company and without some other order from plaintiffs to do so, you are here instructed that they would be liable to the plaintiffs for such damages as plaintiffs may have received." We find no evidence of a delivery of the cotton to White & Co., but on the contrary it seems to be undisputed that said company refused to receive the cotton after notice of its arrival. Appellees afterwards, to wit, on the 13th day of March, received the cotton from appellants on demand therefor and sold it, receiving, as alleged, a less price than White & Co. had agreed to pay, the cotton not being damaged in any respect, and appellees sue alone for said difference.

The ground upon which White & Co. refused to take the cotton when notified of its arrival was that it was not of as good grade as contracted for, and the court charged the jury to the effect that if they found that White & Co. had refused to take the cotton, and that the railway company failed to notify appellees thereof, and that appellees suffered a loss in the decline of the price of cotton, they should find for appellees such damages as "they may have sustained." We think this charge, under the facts of the case, subject to objection, and complaint is made of it in the third assignment. There was evidence tending to show that upon the day the cotton was shipped appellees drew draft on White & Co., with bill of lading attached; that upon its presentation through a Dallas bank White & Co. first refused to pay the draft, on the ground that the cotton had not then arrived, and that they wished to examine the cotton. After the arrival of the cotton at Dallas and White & Co.'s refusal to receive it, the draft was protested and returned to the Lewisville bank, of which appellees were notified on March 12th, the appellant company about the same time notifying appellees that White & Co. had refused to receive the cotton. The exact date of the notification to White & Co. of the arrival of the cotton and of the date upon which White & Co. definitely refused to receive the cotton is not shown, and the instruction here under consideration seems inapplicable to the facts. If it be assumed that it was appellant's duty to notify the appellees of White & Co.'s refusal to receive the cotton, they certainly were not required to do so until such time as they were notified, or by the exercise of ordinary diligence could have known, of the fact of such refusal on the part of White & Co. In the absence of the date of White & Co.'s refusal nothing appears establishing negligence on appellant's part in failing to notify appellees. Appellant in no event could be held liable for decline in market, save for the time intervening between the date upon which by the exercise of ordinary care they could have ascertained the fact of White & Co.'s refusal to receive the cotton and could have notified appellees thereof, and the date upon which it was actually sold, nor would appellant company be necessarily liable, as in effect charged by the court, for the decline in market price of cotton generally. If the cotton in fact was of inferior grade, as White & Co. insisted, appellant could be held liable, if at all, only for such decline, if any, of the market value of the cotton shipped. The misleading nature of the charge here discussed

seems to be particularly emphasized in the court's charge on the measure of damage complained of in the fourth assignment. If, as before indicated, it be assumed that it was appellant's duty to notify appellees of White & Co.'s refusal to receive the cotton, they should be held liable only as warehousemen in event they exercised reasonable diligence to give the notification insisted upon.

We do not find the concluding paragraph of the court's charge to be of the effect complained of in the fifth assignment, and other assignments we do not think it necessary to notice.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*