MONTGOMERY v. BOYD. (No. 668.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 14, 1914. Rehearing Denied Dec. 5, 1914.)

1. PRINCIPAL AND SURETY (§ 116*)—RELEASE OF ONE SURETY—EFFECT.

The discharge of one of several sureties on a joint and several obligation does not release the others from liability for the released surety's portion of the debt.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 269–282; Dec. Dig. § 116.*]

2. PRINCIPAL AND SURETY (§ 116*) — DISCHARGE OF COSURETY BY LIMITATIONS—EFFECT.

One surety on a joint and several obligation is not discharged because the creditor permits the cause of action against his cosurety to become barred by limitations, but is liable for the whole debt.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 269–282; Dec. Dig. § 116.*]

Appeal from Floyd County Court; Arthur B. Duncan, Judge.

Action by R. M. Boyd against W. T. Montgomery. From judgment for plaintiff, defendant appeals. Affirmed.

A. P. McKinnon, of Floydada (C. S. Williams, of Plainview, of counsel), for appellant. Chas. H. Veale, of Floydada, for appellee.

HALL, J. This is an appeal from the county court of Floyd county. On the 24th day of May, 1908, Tom P. Steen, as principal, and E. C. Henry and appellant, as sureties, executed and delivered to appellee a note in the sum of $400, due one year after date. Upon the maturity of this note, the note sued upon was executed by Steen, as principal, and appellant, as surety. Henry refused to sign the renewal note. Appellant did not know of this fact until two years thereafter. After the execution of the note sued on, and prior to the institution of the suit, at a time not shown by the record, the original note, together with the renewal note, was sent to appellee. Thereafter appellee sent both notes to his agent at Floydada, with instructions to collect only one of them, and at a time not shown by the record the agent delivered to Steen the original note. Appellant interpleaded Henry. Upon a trial before the court without a jury, Henry's plea of limitation was sustained, and the court rendered judgment in favor of appellee, Boyd, against Steen and Montgomery, jointly and severally, for the full amount of the debt and costs.

[1] The controversy is presented for review upon two assignments of error, raising the same question, viz.: That the court erred in rendering judgment against appellant for the entire debt sued upon. The proposition is urged under these assignments that, when the obligation of the sureties is joint and several, discharge of one of them does not release the others from payment of their proportion of the claim, and that the surety not released is liable for only his pro rata share of the debt. This proposition cannot be sustained, and the authorities cited by appellant are against his contention, if, indeed, they are on the point presented for consideration.

[2] The real question presented by the pleadings and evidence is: Is one surety discharged because a cause of action against his cosurety is permitted by the creditor to become barred by limitation? It is said in Fanning v. Murphy, 126 Wis. 538, 105 N. W. 1056, 4 L. R. A. (N. S.) 666, 110 Am. St. Rep. 946, 5 Ann. Cas. 435:

"It is suggested by counsel that appellant was released by laches of the holder of the note and mortgage, in that he did not proceed with diligence to collect the indebtedness after the same became due. The conclusive answer to that is, as counsel for respondent suggests, the payee of an instrument having a principal obligor and surety owes no duty of active vigilance to the latter to enforce collection of the indebtedness. The way is open to the surety at any time after default of his principal to pay the debt and reimburse himself by enforcing the obligation of such principal and the cosureties, if there be such. Harris v. Newell, 42 Wis. 687; Updike v. Lane, 78 Va. 132; Alexander v. Byrd, 85 Va. 690 [8 S. E. 577]. 'The surety has no right to say that he is discharged from his debt, * * * if all he rests upon is the passive conduct of the creditor in not suing. He must use diligence, and take such effectual means as will enable him to call on the creditor either to sue, or to give him (the surety) the means of suing.' Lord Eldon in Eyrie v. Everett, 2 Russ. Ch. 381. So, as it is said, the duty of activity is imposed by law on the surety to protect himself rather than on the creditor to protect him."

In People v. Whittemore, 253 Ill. 378, 97 N. E. 683, the court said:

"Finally, it is claimed that neglecting to file claims against the estates of Jones and Tracy

released appellants to the extent that those estates should contribute to discharge the liability of the bonds. If the claim had been filed against either of those estates, it would have been paid in full, and the estate paying it would have been compelled to resort to Whittemore in his lifetime or his estate after his death. No authority for the position of counsel is cited by them, and the settled rule is that a surety is never discharged because a cause of action, either against the principal or a surety, is barred by the statute of limitations. The estate of Whittemore was not released by the fact that the statute of limitations barred the claim against the other estates."

Levy, Justice, in First National Bank v. Rusk Pure Ice Co., 136 S. W. 89, said:

"And it is also the well-known rule that ordinarily the payee in the note, in order to preserve his rights against the surety, is not bound to active diligence, and if he only remains passive his rights are unimpaired. It is not contended that there was any agreement expressly stipulating that the note sued on should be extended for any definite time."

Under such conditions the surety is not only not released, but he is liable for the whole debt. Camp v. Bostwick, 20 Ohio St. 337, 5 Am. Rep. 669; Davis' Adm'r v. Auxier, (Ky.) 41 S. W. 767; Staples v. Gokey, 34 Hun (N. Y.) 289; Martin v. Frantz, 127 Pa. 389, 18 Atl. 20, 14 Am. St. Rep. 859; McVean v. Scott, 46 Barb. (N. Y.) 379. National Bank of Commerce v. Gilvin, 152 S. W. 652.

The judgment is affirmed.