### ALLEN et al. v. OAKES. (No. 423.)

. (Court of Civil Appeals of Texas. Waco. Oct. 28, 1926. Rehearing Denied Dec. 2, 1926.)

**1. Principal and surety ⬅160—Excluding evidence that surety on note would not have agreed to extension held not error, where no contention was made that he had so agreed.**

In suit on note, with defense that defendant was surety and that he had been released by extension agreement without his consent, excluding evidence that defendant would not have consented to an extension had be been requested to do so *held* not erroneous, where it was not contended that he had so agreed.

**2. Principal and surety ⬅105(1)—Agreement between holder of note and surety to extend time for payment held not to release cosurety, though made without his consent, where agreement was unilateral.**

Agreement between holder of note and surety to extend time of payment *held* not to release cosurety, though made without his consent, where it did not bind surety not to pay note, and thereby terminate accrual of interest.

**3. Principal and surety ⬅108(5)—Payment of part of principal of note held no consideration for extension of time of payment so as to discharge surety.**

Payment of $200 on principal of note *held* no consideration for extension of time of payment so as to discharge surety.

**4. Principal and surety ⬅105(2)—Extension of obligation to be valid, as respects discharge of surety, must be made by owner with maker or his duly authorized agent.**

An extension of an obligation, to be valid and enforceable as respects discharge of surety, must be made by owner of such obligation with the maker or his duly authorized agent.

**5. Principal and surety ⬅105(2)—Extension of note between holder and surety held not to release cosurety, though made without his consent.**

Extension of time of payment of note between holder and surety *held* not to release cosurety, though made without his consent, since such extension was not binding on maker or cosurety.

Appeal from District Court, Falls County; Prentice Oltorf, Judge.

Action by J. M. Oakes against J. F. Allen and another. Judgment for plaintiff, and named defendant appeals. Affirmed.

Homer Jennings and Rogers & Wright, all of Marlin, for appellant.

Frank Oltorf, of Marlin, for appellee.

STANFORD, J. Suit by appellee against J. F. Allen and appellant, S. A. London, upon a note in the sum of $1,200, executed by Norman Allen, J. F. Allen, and .S. A. London, said note dated January 22, 1922, and due October 15, 1922, with interest and attorney's fees provided for in said note. There was a credit of $200 on said note of date November 1, 1922. Norman Allen was not made a party; it being alleged that he was wholly and notoriously insolvent. J. F. Allen filed no answer, and judgment was rendered against him, and he has not appealed from said judgment. Appellant, London, alleged that said note was executed by Norman Allen as maker and by J. F. Allen and himself as sureties, and that, after the maturity of said note, an extension agreement was entered into between appellee and payee in said note and J. F. Allen, by the terms of which said note was extended without his knowledge or consent, by reason of which he was released. The case was tried before the court without a jury, and judgment rendered for the amount of said note for appellee against J. F. Allen and appellant S. A. London, jointly and severally.

[1] By his fourth assignment of error, appellant contends the trial court erred in refusing to permit him to prove by the witness S. A. London, while testifying by deposition in his own behalf, "that he would not have consented to an extension of the time of payment of said note, or any part thereof * * * had he been requested to do so." The objection interposed to the admission of this evidence was that it was irrelevant, immaterial, and not binding upon the plaintiff, Oakes. Appellant had testified that he was not consulted by appellee or any one else about an extension of said note, and that he did not agree to the extension of the time of payment of said note, and knew nothing about the extension of the time of payment of said note. No contention was made by appellee or any one else to the effect that appellant in any way agreed to any extension. If appellant was only a surety upon said note, and a valid and binding contract of extension of the time of payment of said note was made by the owner with the principal maker of said note, without the consent of appellant, then appellant would be released. It being shown by appellant that he did not agree to an extension, and there being no

contention on the part of appellee that he did so agree, it was wholly unnecessary to show what appellant would have done if a request for an extension had been made. This evidence sought to be introduced was irrelevant and immaterial, and was properly excluded. This assignment is overruled.

[2, 3] Under other assignments, appellant contends that, by reason of an extension agreement entered into between J. F. Allen and appellee Oakes, by the terms of which the date for the payment of the note sued upon was extended, he (appellant) was released from liability on said note. On the question of extension, appellee testified as follows:

"I told him (J. F. Allen) if he would pay me $200 I would give him further time on it; he was expecting some kind of land deal that he thought when it was over in the spring he probably could make more. I told him I would let it go to that length of time. That's about all the agreement me and him had."

J. F. Allen, appellant's cosurety, testified:

"I asked him (appellee) to extend this note to give me some time; that I don't know what I could do; I was going to pay it if I could get my hands on it. As well as I remember, the note was extended, and I told him to extend it until the spring and I told him I thought I could pay it in the spring; I told him, if I could, I would. In the spring he carried it over to the fall, this note. * * * The next fall I got a letter from Mr. Oakes and he wanted his money, and I got on the train and went up there and paid him $200, * * * and had an understanding with him to carry it to the next fall."

[4, 5] If it be conceded that appellee agreed to extend said note until "in the spring," and then "until next fall," and if it be conceded said note was an interest-bearing obligation, still we think said extension agreement was not a valid, enforceable agreement, for the following reasons, to wit: (1) Because said agreement was unilateral, in that there was no agreement on the part of J. F. Allen not to pay said note and thereby terminate the accrual of interest at any time before the expiration of the time for which the extension was made. The payment of the $200 on the principal of the note was no consideration for such extension. If there was any consideration at all, it was the interest to accrue on the note, but, if J. F. Al-

len was not obligated to let said note run for the extension period, or, in other words, if he was at liberty to pay said note at any time during the extension period and thereby terminate the accrual of interest, then there was no consideration for said agreed extension on the part of appellee. Austin Real Estate & Abstract Co. v. Bahn, 87 Tex. 582, 29 S. W. 646, also 30 S. W. 430; Benson v. Phipps, 87 Tex. 578, 29 S. W. 1061, 47 Am. St. Rep. 128; Consumers' Fertilizer Co. v. Badt (Tex. Civ. App.) 157 S. W. 227; Webb v. Pahde (Tex. Civ. App.) 43 S. W. 19; Lipscomb v. Walker (Tex. Civ. App.) 175 S. W. 449; C. C. Slaughter Co. v. Eller (Tex. Civ. App.) 196 S. W. 704; Ellerd v. Ferguson (Tex. Civ. App.) 218 S. W. 605. (2) Because an extension of an obligation, in order to be a valid and enforceable extension must be made by the owner of such obligation with the maker, or his duly authorized agent. In this case Norman Allen was the maker of the note sued upon. J. F. Allen and appellant were only sureties. Their only obligation or relation to the note was to see that Norman Allen performed his contract with appellee by paying said note. The purported extension agreement by J. F. Allen, one of the sureties, with appellee, was not binding upon Norman Allen, and did not extend said note as to Norman Allen nor as to appellant, the other surety, and we doubt if it could in any event have such effect as to J. F. Allen, even if it had been based upon a sufficient consideration. Behrns v. Rogers et al. (Tex. Civ. App.) 40 S. W. 419; Daviess County Bank & Trust Co. v. Wright, 129 Ky. 21, 110 S. W. 361, 17 L. R. A. (N. S.) 1122; Montgomery v. Boyd (Tex. Civ. App.) 171 S. W. 273. Said note not having been extended as to Norman Allen, the maker, nor as to appellant, one of the sureties, on the maturity of said note it was the legal duty of Norman Allen to pay it off, and, on his failure to so do, it was the privilege of appellant to avail himself of all the remedies provided by law to protect himself as a surety, and so none of the grounds or reasons for discharging a surety exist in this case. The extension of a note by one surety acting for himself alone does not extend said note as to the principal, and, if not extended as to the principal maker, it necessarily follows that a cosurety is not thereby released.

These assignments are overruled, and the judgment of the trial court is affirmed.