### MISSOURI, K. & T. R. CO. OF TEXAS v. SEALY OIL MILL & MFG. CO.
### No. 10686.

Court of Civil Appeals of Texas. Galveston.

Jan. 12, 1939.

George E. Lenert, of LaGrange, Richard W. Mayfield, of Giddings, George L. Kroll, of LaGrange, and Thompson & Barwise, of Fort Worth, for appellant.

C. C. Glenn, of Sealy, for appellee.

GRAVES, Justice.

As the Court's opinion upon this appeal, the following is adopted from the appellant's brief:

"This suit was filed by appellee as plaintiff against appellant as defendant, seeking to recover $203.13 damages.

"Plaintiff's cause of action was, in substance, that on April 24, 1935, it shipped over the defendant and its connecting carriers, a carload of prime cotton-seed hulls to Lubbock, consigned to the Lubbock Cotton Oil Company; that when the shipment got to Lubbock, it was by the plaintiff rerouted and reconsigned to the West Texas Cotton Oil Mill Company at Plainview, Texas, and that about April 30, 1935, it was received at that place, and at 1:00 P. M. on such date was delivered to the consignee, and that on May 3rd, the plaintiff discovered that the shipment had been rejected by the consignee, and that because the defendant had misled the plaintiff into believing that the car of hulls had been delivered on April 30, 1935, and not reporting otherwise until May 3, 1935, the defendant had been guilty of negligence toward plaintiff, which prevented it from realizing the fair market value of said hulls, the sale-price thereof being $203.13.

"Defendant's answer, in addition to general demurrer, special exceptions, and general denial, was, in substance, that when said shipment was received in Plainview on April 30, 1935, it was promptly switched and placed on the unloading-track of the consignee (West Texas Cotton Oil Company) to be unloaded; and that on that same date the consignee was notified of such delivery, but that on May 3, 1935, the consignee telegraphed the plaintiff that the shipment did not come up to expectations and that they would only handle it at a discount, and at that time the plaintiff requested the defendant to find out when the carload of hulls had arrived and were delivered; that at that time the defendant wired to Plainview and was advised that the shipment was delivered on April 30th, and so notified the plaintiff, and that it was not until days later that the consignee notified the Railroad Company at Plainview that they had rejected the shipment; that the consignee and the Railroad Company requested advice from the plaintiff in regard to the disposal of the shipment, but that the plaintiff refused to make any disposition, and on May 10, 1935, advised the defendant that it would refuse to give disposition instructions and stated that the car of hulls belonged to the consignee, or the Railroad Company, and that said shipment was abandoned by the plaintiff. That the defendant, through its connecting-carrier, sold said perishable shipment, under the provisions of law, and the bill of lading, and that at said time there was due and owing to the defendant, and its connecting-carrier, for freight charges, demurrage, and other expenses, the total sum of $188.05, and that the sale-price, being the highest amount that could be secured for said shipment, was $215.16, leaving $27.11 due to the plaintiff, which was tendered into court.

"The case was tried before the court without a jury, and on June 21, 1937, judgment was rendered in favor of the plaintiff for the full amount sued for. * * *

"Under the undisputed facts proved, the court erred in rendering judgment for the plaintiff, and should have rendered judgment in favor of the defendant, because—

■ "First: If there was any duty on the defendant to notify the plaintiff of the non-acceptance of the shipment by the consignee, that duty did not arise until the defendant was advised by the consignee of

such non-acceptance after the shipment had been placed on the consignee's private-spur and the consignee was notified of such arrival, and the undisputed evidence shows that, although the shipment was placed on such private-spur and the consignee notified on April 30, 1935, the consignee did not give notice to the Railroad Company of its rejection until May 8, 1935, and on May 9, 1935, the Railroad Company gave notice to the plaintiff of such rejection. Missouri, K. & T. R. Co. v. Jenkins, 35 Tex.Civ.App. 429, 80 S.W. 428.

"Second: The sole basis of plaintiff's cause of action was that on May 4, 1935, the defendant informed the plaintiff that the shipment had arrived and been delivered to the consignee on April 30, which was claimed to be mis-information, and the undisputed facts showed that on May 3, 1935, the consignee wired the plaintiff that they were rejecting the shipment, and therefore, at the time the plaintiff requested the defendant to advise it of the date of arrival and delivery, it knew, from the consignee, that the shipment had been rejected, and therefore, plaintiff could not have been misled by the statement of the Railroad Company, and no cause of action was shown. Thrower v. Brownlee, Tex.Com.App., 12 S.W.2d 184, 185; Wortman v. Young, Tex.Com.App., 235 S.W. 559, 561; Dossett v. Franklin Life Ins. Co., Tex.Com.App., 276 S.W. 1097.

"The undisputed facts were as follows: On April 23, 1935, the plaintiff loaded a car of hulls at Sealy, Texas, which was consigned to the Lubbock Cotton Oil Company at Lubbock, and shipped on that date over the defendant Railroad. On April 26, 1935, the plaintiff received a wire from the consignee at Lubbock that the hulls were very musty and consignee would only handle at a discount of $2.00 per ton. The plaintiff was unwilling to accept that discount and resold the shipment to the West Texas Cotton Oil Company at Plainview, Texas, and ordered the car reconsigned to that point. On May 3, 1935, plaintiff received the following wire from Plainview: 'Hulls received have strong musty odor will try to handle at discount,' signed West Texas Cotton Oil Co. On receipt of that wire, the plaintiff had the defendant's agent at Sealy wire the agent at Plainview to get the time of arrival and delivery of the car. The agent at Plainview, on May 4, 1935, wired in effect that the shipment arrived and was delivered on April 30, 1935.

"On April 7, 1935, the consignee again wired asking for disposition of the car. On May 8, 1935, the consignee notified the Railroad Company that they had rejected the shipment. On May 9, or 10, 1935, the agent of the defendant notified the plaintiff that the shipment was not delivered, but had been rejected by the consignee. Thereafter, the plaintiff advised the Railroad Company that it had no further interest in the shipment, and that the Railroad Company could handle any way it saw fit. The Railroad Company sold the shipment to the best advantage, receiving $215.16. At that time, there were charges against the shipment totalling $188.05, leaving a balance due of $27.11, being the amount which the defendant paid into the registry of the court. * * *

"The facts thus being that it was not until May 8, 1935, at 9:00 A. M., that the consignee advised the Railroad that the shipment was rejected, and on May 9, or 10, 1935, the plaintiff was so notified. Obviously, then, even if it was a duty, the plaintiff has not only failed to prove a violation of that duty, but the facts affirmatively show that it was not violated.

"The second reason why the plaintiff in no event could recover for the information contained in the wire, dated May 4, 1935, that the shipment arrived and was delivered on April 30, 1935, was that on the day before (May 3, 1935) plaintiff had so received a wire from the consignee advising it that the shipment was rejected and did not come up to specifications, and therefore at the very time that it claims to have been misled by the defendant's information, it knew from the consignee that the shipment was rejected.

"Admittedly, if the consignee rejected the hulls wrongfully, that is, if the hulls were prime-hulls and the consignee refused them, then the plaintiff had, and has, a cause-of-action against the consignee; and if the hulls were properly rejected, the plaintiff has no cause-of-action against the consignee. Hines v. Scott, 112 Tex. 506, 248 S.W. 663, 667. The damage to the plaintiff was caused by the rejection, not by anything which the defendant in this case did, and the plaintiff does not for one minute contend that the defendant had anything to do with the rejection. This is a plain case of a shipper trying to hold the Railroad responsible for damages caused by its consignee, when the cause-of-action

951

obviously was against the consignee and not against the carrier."

Pursuant to these conclusions, the judgment will be reversed, and the cause rendered in appellant's favor.

Reversed and rendered.