## WINKLER v. FIRST NAT. BANK OF PECOS.

### No. 3824.

Court of Civil Appeals of Texas. El Paso.

Nov. 9, 1939.

342

W. A. Hadden, of Fort Stockton, for appellant.

Henry Russell and James D. Willis, both of Pecos, for appellee.

HIGGINS, Justice.

The First National Bank of Pecos, Texas, brought this suit against Sam Winkler and N. Winkler to recover upon a promissory note in its favor executed by the defendants. Sam Winkler answered the plaintiff's petition by general demurrer and general denial. N. Winkler answered in like manner, and further set up that he was a surety upon the note for his codefendant, and asked that upon the hearing the question of principal and surety be determined and if judgment be rendered in favor of the plaintiff the Court direct execution be issued as provided by law under the principal and surety statutes. To this pleading of N. Winkler the defendant Sam Winkler filed no answer.

The case was tried without a jury and the Court found that N. Winkler was not a surety on the note and denied the special relief sought by him as above stated.

N. Winkler appeals, complaining only of the denial of the special relief sought by him against his co-defendant.

The undisputed evidence shows the suretyship status as pleaded by the appellant. Appellant so testified, and there is nothing whatever to impeach his testimony to that effect. On the contrary, such testimony is corroborated by Mr. Beauchamp, cashier of the plaintiff in the suit, who testified that Sam Winkler made all of the payments shown to have been paid upon the note, and it was his understanding that N. Winkler signed the note as surety for Sam Winkler.

In the state of the pleadings and undisputed evidence, the Court erred in finding against the appellant upon the issue of suretyship and in denying the special relief prayed by appellant.

The judgment will be corrected so as to direct that execution be first levied on the property of Sam Winkler, as provided by Article 6247, Revised Statutes, and that if appellant be compelled to pay the judgment or any part thereof, he be entitled to execution against Sam Winkler, as provided by Article 6248, Revised Statutes.

As corrected, the judgment is affirmed.

The costs of the appeal are taxed against Sam Winkler.