## HOLTERMANN et al. v. CONRAD.

### No. 10715.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 18, 1940.

Rehearing Denied Oct. 21, 1940.

J. Marvin Ericson, of Corpus Christi, for plaintiffs in error.

Purl & Pearson and B. Ray Smith, all of Corpus Christi, for defendant in error.

NORVELL, Justice.

The suit was originally filed by V. L. Conrad against defendant H. H. Holtermann upon a promissory note. Conrad died while the case was pending in the trial court and Mary E. Conrad, as independent executrix of the last will and testament of V. L. Conrad, was substituted as party plaintiff.

The note declared upon is for the principal sum of $1,100, dated May 1, 1936, signed by the defendant and due thirty days after date. The defendant by his pleadings admitted the execution of the note, but sought to avoid liability thereon by pleading under oath a failure of consideration, and specially alleging that on March 27, 1936, the Corpus Christi, San Angelo and Roswell Railroad had employed Conrad as a civil engineer to perform certain services in connection with the proposed location and construction of a proposed railroad from San Diego, Texas, to Freer, Texas, and that Conrad had failed to complete the work he contracted to do.

At the conclusion of the testimony the court peremptorily instructed the jury to return a verdict for the plaintiff, and judgment for the amount of the note, less an admitted credit, was entered against the defendant who has appealed. The parties will be designated as in the trial court.

Defendant's contention in brief is, that the note of May 1, 1936, is to be construed

as a part of the contract of March 27, 1936; that the contract thus evidenced is indivisible, in that it provided for certain services to be rendered by Conrad, which under the contract could not be completed until the final construction of the proposed road; that the railroad had never been completed and therefore Conrad, or his legal representative, can not recover as the pleadings contain no quantum meruit count.

The contract, in one paragraph, provided that Conrad should survey a preliminary and finally located line for the proposed railway; take or prepare cross-sections, property ties, individual right-of-way descriptions from survey notes, and complete necessary plats and information for the location of drainage structures and the letting of construction contracts. It was necessary that these services be rendered prior to actual construction. The contract, in a separate paragraph, also provided that during construction Conrad should stake all lines and "perform all his duties that are necessary during the construction of a road-bed."

The provision for compensation to Conrad was "five per cent of all construction costs as the money is spent, and for further consideration, the C. C., S. A. and R. Railroad agrees to pay the Engineer (Conrad) in current funds, as compensation for his services hereunder, Eleven Hundred ($1100.00) Dollars, which shall be paid as follows: Weeky installments of One Hundred Twenty-Five ($125.00) Dollars each, the first installment to begin on the day on which the actual survey starts. This latter consideration, namely, Eleven Hundred ($1100.00) Dollars to be deducted from the gross 5% fee when final payment of said 5% is made."

The contract also contained a provision that Conrad should give a bond in the sum of $1,100 for the completion of services to be performed by him prior to the start of actual construction.

The weekly payments provided for in the contract were not paid and, as a result of Conrad's demands, the defendant, who was president of the railroad, gave his note to Conrad "so the work would not stop."

On August 12, 1936, W. T. Neilon, secretary-treasurer of the railroad company, released the bond for $1,100 given by Conrad in accordance with the terms of the contract, stating that the contract had been fully and satisfactorily completed.

■ The defendant's contention under the facts of this record can not be sustained. Plaintiff's cause of action is based upon a promissory note, and defendant was not an accommodation maker thereof. Robertson v. City National Bank of Bowie, 120 Tex. 226, 36 S.W.2d 481. It was based upon a valid consideration and the burden is on defendant to show that the consideration has failed. Shaw v. McShane, Tex. Com.App., 50 S.W.2d 278; Newton v. Newton, 77 Tex. 508, 14 S.W. 157; Brown v. Weir, Tex.Civ.App., 293 S.W. 916.

■ Even if the contract be considered in connection with the note as contended for by defendant, the note and the circumstances surrounding its execution show that it was executed subsequent to the date of the contract between the railroad company and Conrad, and that the parties at the time treated the contract as divisible insofar as the defendant was concerned. He was not obligated personally upon the original contract. He was, however, interested in having the work go ahead, and agreed that if Conrad would go ahead he would pay him the $1,100 item provided for in the original contract. The evidence indicates that the defendant and the railroad company considered this $1,100 as being the sum to be paid for preliminary work prior to construction. The release of Conrad's bond indicates that this work was completed. However that may be, there is no evidence under proper pleadings that Conrad failed to go ahead with his work under his agreement with defendant made at the time the note in question was executed. It was not pleaded that he failed to perform any part of the work preliminary to construction, or that he failed to work any particular week. This being true, under our construction of the contract as it existed after the transaction of May 1, 1936, which gave rise to the note sued upon, there was no issue of failure of consideration to be submitted to the jury, and the trial court was correct in instructing the jury to find for the plaintiff, and its judgment is accordingly affirmed.