**DALLAS HANDBAG COMPANY, Appellant,**

v.

**MAJESTIC FACTORS CORPORATION, Appellee.**

**No. 16605.**

Court of Civil Appeals of Texas.

Dallas.

Oct. 29, 1965.

Rehearing Denied Nov. 26, 1965.

Oster & Kaufman, Dallas, for appellant.

Goldberg & Alexander, and G. Dennis Sullivan, Dallas, for appellee.

DIXON, Chief Justice.

Appellee Majestic Factors Corporation, domiciled in the State of New York, sued appellant Dallas Handbag Company, a corporation, on a check in the amount of $927.18 signed by Dallas Handbag Company payable to the order of Cornell Handbag Company and endorsed unconditionally by the latter company to appellee.

Payment of the check was stopped on order of appellant. Appellant has not been paid the amount of the check.

The instrument is regular and unconditional on its face. So too is the endorsement of the payee, Cornell Handbag Company, as shown on the back of the check. Appellee alleges that it is a holder in due course. In a trial without a jury judgment was rendered for appellee for the full amount of the check.

The trial court filed findings of fact and conclusions of law. The court found that at the time the check was endorsed it was regular on its face and was received by appellee in good faith for value without notice of any infirmity in the instrument or defect in the title of the endorser, Cornell Handbag Company. The court concluded that appellee is a holder in due course and is entitled to judgment for $927.18 plus interest.

In answer to written interrogatories Sidney W. Dorman, secretary-treasurer and office manager of appellee and in charge of appellee's books and records testified in substance as follows: the check dated November 12, 1962 was endorsed on November 15, 1962 by the payee Cornell Handbag Company to appellee in part payment of an indebtedness of $7,556.31 owed to appellee by Cornell Handbag Company, the amount of the said indebtedness being thereby reduced to $6,629.13; appellee had no notice or knowledge of any defect or counterclaim with respect to the check; and though written demand was made on appellant no payment has been made by appellant to cover the check. It is undisputed that appellant did not order payment stopped on the check until November 18, 1962—three days after it had been endorsed by Cornell Handbag Company and received by appellee.

By way of defense appellant pleaded that it had ordered merchandise from Cornell Handbag Company, which merchandise after being received was discovered to be defective; that it had so notified Cornell Handbag Company; that the check was subsequently issued and sent to Cornell Handbag Company by mistake; that the account had been assigned to appellee without notice to or the knowledge of appellant; and that appellee had notice of appellant's claim and furthermore appellee as an assignee of the account is in no better position defensively than its assignor, Cornell Handbag Company; therefore appellee is not a holder in due course of the check in controversy.

The record contains copies of an assignment from Cornell Handbag Company to Morris Silver, Inc., of a number of accounts totaling $2,438. Among them was an account of Dallas Handbag Company for $945.00. There is also an assignment of these same accounts by Morris Silver, Inc., to Majestic Factors Corporation. There is no evidence that either of these assignments was filed for record pursuant to Art. 260–1, Vernon's Ann.Civ.St.

In two points on appeal appellant contends that (1) the law of contracts, not the Negotiable Instruments Act, is applicable; and (2) even if the Negotiable Instruments Act should be considered applicable appellee is not a holder in due course because (A) appellee had knowledge of a condition precedent and (B) appellee had knowledge of failure of consideration before it received the check.

We see no merit in appellant's points. There is ample evidence to support the court's findings and conclusions. Ne-

gotiable Instruments Act, Art. 5935, Sections 52 and 56, V.A.C.S. An antecedent or pre-existing debt constitutes value or consideration under the Negotiable Instruments Act. Art. 5933, Sections 24, 25 and 26, V.A.C.S.; Kone v. Security Finance Co., 158 Tex. 445, 313 S.W.2d 281, 283. Merely suspicious circumstances (we do not say that the circumstances here were suspicious) or gross negligence are not sufficient to prevent recovery in the absence of a finding of bad faith. Kone v. Security Finance Co., supra, 313 S.W.2d at page 285. There is no finding and no evidence of bad faith in this case. In fact the court found that appellee received the check for value in good faith.

■ Obviously if any fact issues were raised by the evidence under either the contract theory of appellant or the negotiable instruments theory of appellee they were resolved by the court adversely to appellant's contentions and are binding on this court.

Appellant claims that it notified Cornell Handbag Company by letter that the merchandise in question was defective, but the letter itself was not introduced and verbal testimony as to its contents was excluded by the court on objection by appellee.

Notwithstanding the sending of the above letter if it was sent, and notwithstanding any defects in the merchandise received, if there were any, appellant thereafter sent the check now in controversy to Cornell Handbag Company in payment of the account. Appellant did not see fit to issue its stop payment order until six days after the check was issued and three days after

it had been negotiated by endorsement to appellee.

Appellant claims that the issuance of the check was a mistake. But there is no evidence to support the claim. Appellant's vice-president was a witness. His counsel sought to ask him this question: "Would you state whether or not the check issued was erroneous or, that it was issued in error?" If the witness had been permitted to answer the question his answer would have been, "I feel that it was." However, the court sustained objection by appellee and the question and answer were excluded.

Appellant also sought to introduce a purchase order dated August 27, 1962 whereby it ordered certain merchandise from Cornell Handbag Company, on which purchase order there is a notation "Balance Cancelled 5 Nov". But this document was also excluded on objection by appellee.[1]

■ Appellant is seeking a reversal based in part at least on evidence which was excluded by the trial court, to which exclusion appellant has raised no points of error. Under the circumstances we cannot consider such evidence. Cruse v. Daniels, Tex.Civ.App., 293 S.W.2d 616, 619; Foreman v. Texas Employers' Ins. Ass'n, 150 Tex. 468, 241 S.W.2d 977, 979; Thompson v. Larry Lightner, Inc., Tex.Civ.App., 230 S.W.2d 831, 832; Cusack v. Cusack, Tex. Civ.App., 107 S.W.2d 1021.

Appellant's points on appeal are overruled.

The judgment of the trial court is affirmed.

Affirmed.

[1]. If the purchase order had been admitted there would have been evidence that seven days after the cancellation on November 5, 1962 of the balance of the order, appellant issued the check in controversy dated November 12, 1962 in payment of that part of the merchandise called for on the order which had already been received by appellant.