Bill RAU, Appellant,

v.

MODERN SALES & SERVICE, INC.,
Appellee.

No. 14548.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 23, 1967.

Rehearing Denied March 22, 1967.

Moursund, Ball & Young, San Antonio, for appellant.

Edwin W. Carp, W. W. Palmer, San Antonio, for appellee.

KLINGEMAN, Justice.

This is an appeal from a judgment of the trial court in favor of the plaintiff, Modern Sales & Service, Inc., against the defendants, Edward H. Merrick, Jr., and Bill Rau, jointly and severally, in a suit on a promissory note signed by Edward H. Merrick, Jr., and Bill Rau, payable to its order. The trial court also held that defendant Rau was not entitled to recover on his cross-action against defendant Merrick. Trial was by the court without a jury. Defendant Merrick did not prosecute an appeal.

The material findings of fact filed by the trial court were: That Bill Rau was not an accommodation maker; that defendants, Edward H. Merrick, Jr., and Bill Rau, were co-makers for a valuable consideration; that plaintiff did not make any representation to the defendant Edward H. Merrick, Jr., or Bill Rau relative to the payment of said promissory note signed by Edward H. Merrick, Jr., and Bill Rau, jointly and severally; a purported agreement dated the 11th day of November, 1964, is not a third party beneficiary contract, for the reason that the instrument on its face reflects that Charles McKinney signed said instrument as a witness only, and there is no evidence that Gulf States Theatres, Inc., has signed or ratified said purported contract or agreement; that plaintiff never at any time agreed to an extension of said promissory note signed by the defendants, Edward H. Merrick, Jr., and Bill Rau, as co-makers.

Appellant urges that there is no evidence to support these findings and that the trial court erred in entering judgment against him since the undisputed evidence establishes that he was an accommodation maker on the instrument and was discharged by an extension granted to Merrick by appellee, without appellant's consent.

Under the Negotiable Instruments Act an accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Art. 5933, Sec. 29, Vernon's Ann.Civ.St. Under Sec. 24 of said Art. 5933, every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value.

It appears from the evidence that Bill Rau was the operator of a theatre in San Antonio, and that negotiations were carried on between Rau and Merrick relative to the acquisition of said theatre by Merrick, and that one of the considerations for the purchase of such theatre was the assumption of a certain indebtedness against said theatre owed to Modern Sales and

Service, Inc. Defendant Rau contends that such indebtedness was not his indebtedness but that of a corporation, Al-Ra Theatres, Inc., although appellee contends that such corporation was the alter ego of defendant Rau. It appears from the record that Rau was the president of such corporation and a large stockholder. In the process of such negotiations, a meeting was held between the two defendants and Charles McKinney, an officer of Modern Sales & Service, Inc., and in connection therewith the note sued on was executed by both defendants, Merrick and Rau.

■ The Negotiable Instruments Act, Art. 5933, § 25, defines value as any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value or consideration. Dallas Handbag Co. v. Majestic Factors Corp., Tex.Civ.App., 397 S.W.2d 238, writ ref'd n. r. e.; Schwarz v. Straus-Frank Co., Tex. Civ.App., 382 S.W.2d 176, writ ref'd n. r. e. In order that one may avail himself of the defense of an accommodation maker he must not be the recipient of any consideration deemed valuable in law. His act in executing the paper must be void of present or anticipated profit, gain or advantage. Robertson v. City Nat. Bank, 120 Tex. 226, 36 S.W.2d 481 (1931); Holtermann v. Conrad, Tex.Civ.App., 143 S.W.2d 791, writ dism'd; Commercial Inv. Co. of Uvalde v. Graves, Tex.Civ.App., 132 S.W.2d 439, writ ref'd; Barr v. Huitt, Tex.Civ.App., 76 S.W. 2d 587, no writ.

■ Appellant contends that he received no monetary consideration for executing said note. The mere fact that one signing a note received no part of the consideration therefor does not constitute him an "accommodation party" within the Uniform Negotiable Instruments Act, and a note signed by one receiving no monetary consideration therefor will be deemed an "accommodation note" for payee only when executed for the sole purpose of negotiation by payee and thereby to procure credit. First Nat. Bank of Fort Worth v. Brown, Tex.Civ.App., 172 S.W.2d 151, writ ref'd; Brinker v. First Nat. Bank, Tex.Civ.App., 16 S.W.2d 965 (reversed upon other grounds, Tex. Comm'n App., 37 S.W.2d 136); Paden v. American State Bank & Trust Co., Tex.Civ.App., 103 S.W.2d 243, writ dism'd. There is no evidence in the record that such note was executed for the purpose of negotiation by the payee, Modern Sales & Service, Inc., or for said payee to obtain credit. The finding of the trial court that Rau was not an accommodation maker as to appellee is sufficiently supported.

■ Appellant, Rau, also contends that under the undisputed evidence he had been discharged from liability by an extension given by appellee, Modern Sales & Service, Inc., to Merrick. Assuming Rau was an accommodation maker, there is no evidence in the record to show that appellee ever entered into such an extension agreement as would discharge appellant Rau. The evidence indicates that there was some discussion between defendant Merrick and an officer of appellee corporation as to a different amount of monthly payment, but there is no evidence that a valid or binding extension agreement of any sort was ever entered into between appellee and Merrick. Appellant apparently relies upon an Ex Parte Statement dated November 11, 1964, signed by Edward H. Merrick, Jr., and introduced into evidence in the trial court by appellant, Rau, which provides, "In this agreement with Mr. Solomon and myself it is understood that one hundred dollars per month will be made payable for the Modern Sales & Service, Inc., at Dallas, Texas, until the indebtedness which was incurred by Bill Rau and Charles Albert be eliminated. This includes the note signed by the undersigned and Bill Rau for this indebtedness," and constituting an extension agreement. Such instrument was executed only by Merrick, and never signed by appellee, Modern Sales & Service, Inc., and there is no evidence that such instrument was ever accepted by appellee, or was ever

carried out. Such instrument is vague, indefinite, conditional and uncertain, and could not operate as a valid or binding extension of such note. "To effectuate a release of the surety, the agreement for an extension of time for payment or performance must be made by or on behalf of the owner of the obligation with the maker or his duly authorized agent; it must be binding on them and based on a valid consideration; and it must be unconditional, or, if made on a condition precedent, it must be shown that the condition has been complied with." 53 Tex.Jur.2d, § 45, p. 612. Wehmeyer v. Dominguez, Tex.Civ. App., 286 S.W.2d 194, no writ; Allen v. Oakes, Tex.Civ.App., 288 S.W. 479, writ dism'd. We conclude that the court was not in error in its holding that appellee never at any time agreed to an extension of said promissory note signed by Merrick and Rau.

■■ Appellant also complains of error in the holding of the trial court that the instrument above discussed, dated November 11, 1964, was not a third party beneficiary contract. Such instrument is executed by Merrick alone. It refers to an agreement made by Merrick with one Mr. Teddy Solomon of Gulf States Theatres, Inc., whereby certain payments were to be made payable to Modern Sales & Service, Inc. Such instrument is not signed by either Mr. Solomon or Gulf States Theatres, Inc., or by appellee, Modern Sales & Service, Inc. There is no evidence that such instrument was ever accepted by Gulf States Theatres, Inc., or by appellee, Modern Sales & Service, Inc. In order for such an instrument to have been effective there must be an acceptance of the contract by the person for whose benefit it is made. Edwards v. Beals, 271 S.W. 887 (Tex. Comm'n App.1925); Benavides v. Laredo Nat. Bank, Tex.Civ.App., 91 S.W.2d 372, no writ; Hawkins v. Western Nat. Bank, Tex.Civ.App., 145 S.W. 722, writ dism'd; 13 Tex.Jur.2d § 353, p. 630. The court's holding that such instrument is not a third

party beneficiary contract is supported by the evidence.

■■ Appellant also complains that the trial court was in error in holding that Rau was not entitled to recover on his cross-action against his co-defendant Merrick, and contends that under the undisputed evidence Merrick assumed the indebtedness for which the note sued on was executed, and that, as between Rau and Merrick, appellant was an accommodation maker and Merrick was the principal obligor of said note, and that under the evidence appellant is entitled to recover over against Merrick any and all sums as appellant may pay to appellee pursuant to such judgment. It appears undisputed that the indebtedness for which the note sued on was executed was assumed by Merrick, and Merrick himself so testified. The record does not disclose that Merrick contested the cross-action of appellant. While it is clear that Rau was not an accommodation maker as to appellee, the evidence sufficiently demonstrates that as between Rau and Merrick such a relationship of principal-surety or accommodation relationship existed as would have entitled Rau to recover against Merrick on his cross-action, and the court erred in denying such cross-action. Where accommodation maker has been compelled to pay amount of note, he has right to recover over against accommodated party, law implying a contract on part of the latter to indemnify accommodation maker against loss. Felker v. Thomas, 83 S.W.2d 1055 no writ; Henslee v. First Nat. Bank of Whitewright, Tex.Civ.App., 314 S.W.2d 881, no writ; Winkler v. First Nat. Bank of Pecos, Tex.Civ.App., 134 S.W.2d 341, no writ; 53 Tex.Jur.2d, § 102, p. 665.

The judgment of the trial court in favor of appellee, Modern Sales & Service, Inc., is affirmed, but such judgment is reformed to provide that appellant, Bill Rau, have and recover from defendant Edward H. Merrick, Jr., any and all sums appellant may pay to appellee pursuant to appellee's judgment.