Alice F. HATKE, Appellant,

v.

The STATE of Texas, Appellee.

No. 42742.

Court of Criminal Appeals of Texas.

April 22, 1970.

Rehearing Denied July 8, 1970.

Lee A. Charga, El Paso, Mari W. Privette, Las Cruces, N.M., for appellant.

Barton Boling, Dist. Atty., Edward S. Marquez, Asst. Dist. Atty., El Paso, and Jim D. Vollers State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder; the punishment, 10 years.

■ Appellant's first ground of error is that the trial court erred in admitting appellant's confession, because at the time appellant made the confession, she was confined in the mental ward of a local hospital. Appellant was arrested minutes after the shooting at which time she told the officer, "I shot him. I think he is dead." Sergeant Bain and Captain Patterson carried appellant to the office of her doctor. After Patterson conferred with Dr. Hunter, he instructed Bain to place her in the mental ward, and this was done with Bain

signing the "Application for Emergency Admission." The application contains this sentence: " * * * Said applicant has reason to believe and does believe that the said proposed patient is mentally ill and that because of said illness is in immediate danger of causing injury to himself or to others if not immediately restrained." Sergeant Bain testified that he observed nothing abnormal about appellant, but was merely carrying out orders of his superior. Neither Captain Patterson nor Dr. Hunter was called as a witness. Appellant was warned by the magistrate at 2:50 p.m., and the confession was made at 5:30 to officer Althoff. He testified that appellant appeared normal to him. No other complaint is made as to the admissibility of the confession. The court charged the jury as follows:

"Testimony has been introduced by the defendant that she was incapable of voluntarily relinquishing her right to remain silent at the time the purported statement was made and that she did not understand the meaning of any warning and advice as given to her.

Now, therefore, you are instructed that unless you believe from the evidence, beyond a reasonable doubt, that the statement alleged to have been made by the Defendant was so made under such proper circumstances as above set forth and that she fully understood the meaning of such warnings and advice as was given to her, if any, you will not consider the statement for any purpose whatsoever."

■ Appellant's second ground of error is that the court erred in failing to grant her motion for new trial on the ground of newly discovered evidence. Without discussing procedure, because the question presented could be of constitutional dimension, we get to the heart of her contention. It was that appellant's counsel did not discover until after trial that 50 milligrams of Sparine had been administered to her upon her admission to the hospital. The hospi-

tal records were introduced which showed clearly in three places the Sparine injection. It follows that this was not newly discovered evidence.

■ Counsel learned after trial that Sparine " * * * would have a tendency to put the patient at ease because it has a tranquilizing sedative effect; it may put her at ease and talk more freely." However, this would not require the granting of a new trial where as here appellant had testified fully that she could remember nothing after the shooting. The only real difference between the confession and her testimony is that the confession contained these two sentences: "I told him that I was going to leave town. He started arguing with me some more in the bedroom and told me again that he wanted me to stay and live with him. I was afraid of what he might try to do, and I got the gun out from under some clothes. * * * I was afraid of what he might try to do, and I got the gun out from under some clothes where I was packing." While at the trial, appellant testified more fully on the issue of self defense. The trial court did not err in declining to grant the motion for new trial.

■ Appellant's third ground of error related to the court's charge. In Baity v. State, Tex.Cr.App., 455 S.W.2d 305, this day decided, we said: " * * * objections and special requested charges dictated to the court reporter are not a sufficient compliance with Articles 36.14 and 36.15, supra. Smith v. State, Tex.Cr.App., 414 S. W.2d 206; Seefurth v. State, Tex.Cr.App., 422 S.W.2d 931; Bryant v. State, Tex.Cr. App., 423 S.W.2d 320; Brock v. State, Tex.Cr.App., 424 S.W.2d 436; Bass v. State, Tex.Cr.App., 427 S.W.2d 624; Lusk v. State, Tex.Cr.App., 432 S.W.2d 923; Black v. State, Tex.Cr.App., 432 S.W.2d 951; David v. State, Tex.Cr.App., 453 S. W.2d 172."

■ Appellant's last ground of error relates to the argument. During appellant's testimony, she testified that she was thirty years old, and that the deceased was her fourth husband. In argument, the prosecutor said, "(I)t's even more tragic perhaps that all this defendant has to show for thirty years of life or (sic) four broken marriages, three ending in divorce. * * *" In Sample v. State, 158 Tex. Cr.R. 200, 254 S.W.2d 401, we said, "It has been the consistent holding of this Court that proof of prior marriages and divorces is not admissible unless such evidence tends to solve some disputed issue in the case. * * *" However, in the case at bar, no objection was made to the question about deceased being her fourth husband, and we conclude that it would be a logical deduction that normally a 30 year old woman would not have buried three husbands.

Finding no reversible error, the judgment is affirmed.