## FREEMAN v. HILLMAN.
### No. 5534.

Court of Civil Appeals of Texas. Amarillo.
June 14, 1943.

Lawrence L. Bruhl, of Llano, for appellant.

No brief filed for appellee.

FOLLEY, Justice.

This suit was filed by the appellee, L. O. Hillman, a licensed real estate dealer, against the appellant, J. B. Freeman, and Eleanor Bradley to recover a brokerage commission alleged to be due him by reason of his having found purchasers for certain lands of J. B. Freeman in Llano County under a written listing agreement with Freeman. It was further alleged that after appellee secured purchasers for such lands the appellant conveyed the fee-simple title thereto to Eleanor Bradley, reserving a life estate therein for himself.

In a trial before a jury the court instructed the jury to return a verdict in favor of Eleanor Bradley, but submitted issues as to the liability of the appellant. The jury answered such issues in favor of the appellee and judgment was rendered accordingly. The appellant has prosecuted an appeal in which the sole contention is based upon the alleged misconduct of the trial judge.

The assignment urged by the appellant is presented by a very full and comprehensive bill of exceptions approved by the trial court in connection with and upon a hearing of appellant's motion for a new trial. In the motion for a new trial, appellant complained of the action of the trial judge in entering the jury room, where the jury was deliberating, and communicating with them not in open court and out of the presence of counsel.

It appears from the record that the county court jury received the case for deliberation just before noon on the day of the alleged misconduct, and, for lack of other facilities, used the courtroom for a jury room. The trial court ordered all persons, except the members of the jury, to retire from the room. The sheriff and his deputy were placed in charge of the jury. The courtroom had two doors, one on the east and one on the west side. The deputy sheriff closed and locked the west door and he and the sheriff remained outside the closed east door, standing guard over the jury which was left alone in the courtroom. The court had submitted three questions to the jury, touching the liability of the appellant. These questions were answered soon after the jury began its deliberations and the foreman wrote the answers and signed his name in a space following each issue. On a separate sheet of paper the court had instructed the jury to return a verdict in favor of Eleanor Bradley. He prepared the usual form therefor as follows: "We, the jury, find for the defendant, Eleanor Bradley." A blank space was left for the foreman to sign. The jury, in its deliberations, decided that the words "Not Guilty" should be added to such form and the foreman proceeded to add such words and sign his name thereto. Thereafter an argument ensued as to whether the words should have been added. It was thereupon decided that they would summon the judge and ask his opinion about the matter. The sheriff was dispatched for the judge, who was at his home for lunch. Upon arriving at the judge's home the sheriff informed him that the jury desired to ask him a question. The sheriff then returned to the courthouse and awaited the arrival of the trial judge. Within a few minutes the judge came and the sheriff met him at the south entrance and informed him that he had told the jury that they would have to put their question in writing. He also informed the judge that he would go get the attorneys in the case. The sheriff then went across the street to look for the attorneys and the judge proceeded on inside the courthouse. Upon reaching the courtroom he went inside where the jury was deliberating. The deputy sheriff, who was standing guard, followed the judge inside, closing the door behind them. The foreman showed the judge the form of the instructed verdict and told him the jury did not exactly understand it and desired to know if they had filled it out properly. The testimony was disputed as to whether the judge replied to the foreman's question. The judge and three of the jurors stated that no reply of any sort was made. Another juror did not remember whether there was any response, but stated that he heard none. The foreman testified that the judge looked at the paper and remarked that it looked like it had been drawn up wrong and that he then turned and walked out of the room. The deputy sheriff testified that the judge told the jury

that Miss Bradley was out of the case. Irrespective of such controversy, it is undisputed that the trial judge, accompanied only by the deputy sheriff, was closeted with the jury behind closed doors for two or three minutes during their deliberations, in the absence, and without the knowledge or consent, of counsel for either side, and that the foreman asked him a question relative to the instructed verdict.

Immediately upon the judge's retirement from the jury room the attorneys for the parties learned of the incident and appellant's counsel thereupon raised an objection to such conduct and informed the court that his client intended to take advantage of the point. Within a very few minutes the jury returned its verdict, upon which the judgment herein is based. The testimony shows that it was the identical verdict that had been agreed upon before the trial judge had entered the jury room.

 We think the bill of exceptions presents reversible error, and this is true regardless of whether any actual harm resulted from the conduct of the trial judge. Our rules very carefully outline the conditions under which a jury shall deliberate and the manner in which they may communicate with the court, and the court with them. Rules 282, 283, 284, 285, and 286, Texas Rules of Civil Procedure; Texas Midland R. Co. v. Byrd, 102 Tex. 263, 115 S.W. 1163, 20 Ann.Cas. 137. It is immaterial whether the trial judge communicated with the jury. He entered the jury room and permitted the jury to communicate with him under conditions forbidden by the rules. Corn v. Crosby County Cattle Co., Tex.Com.App., 25 S.W.2d 290. It is also settled that when the rules are thus violated, a reversal must follow regardless of the question of injury. City of Waco v. Craven, Tex.Civ.App., 54 S.W.2d 883, and authorities cited.

The case of Gerneth v. Galbraith-Foxworth Lumber Co., Tex.Com.App., 38 S.W. 2d 775, 777, is clearly in point with the facts of the instant case. In that case the trial judge entered the jury room, where the door was only partly closed, and remained there for two or three minutes. Some sort of a conference was held between the judge and jury, the nature of which was not revealed. It was not even shown that the communications concerned the case then on trial. It was there held that such conduct constituted reversible error. In disposing of the case, Justice Critz, recognizing the rigidity of the above-cited rules (then statutes), said: "Obedience to the above statutory provisions is necessary to preserve the right of trial by jury in an open forum. When the trial judge violates these statutes by communicating with the jury at a place not in open court, error is committed, and reversal must follow regardless of the question of injury."

In the more recent case of Houston Electric Co. v. Lee, 139 Tex. 166, 162 S.W.2d 692, it was held that the trial judge's action in sending the bailiff into the jury room to procure the jury's work sheet while the jury was deliberating, and the bailiff's informing the judge that the foreman said that the jury would have a verdict in fifteen minutes, constituted reversible error as an improper "communication between court and jury," notwithstanding that there was no personal conversation between the judge and jury, and notwithstanding that in ascertaining the state of the jury's deliberations no wrong was intended.

In the case of the City of Waco v. Craven, Tex.Civ.App., 54 S.W.2d 883, 885, it was held to be reversible error for the trial court to enter the jury room and discuss with the jury briefly the probability of the jury reaching a verdict. In such case, in an opinion by Justice Alexander, it was said: "It is well settled that the trial judge may communicate with the jury with reference to the case only in open court. When the trial judge violates these statutes by so communicating with the jury at a place not in open court, error is committed, and reversal must follow, regardless of the question of injury."

In Millerman v. Houston & T. C. R. Co., Tex.Civ.App., 27 S.W.2d 897, 899, writ refused, the foreman of the jury left the jury room while the jury was deliberating and, after entering the courtroom where the trial judge was, told the judge that the jury was standing ten to two on one question and that two of the jurors wanted to recommend that a bridge or sluiceway be built in the railroad. The trial judge testified that he immediately told the juror not to talk to him about the case and to answer the questions as given in the charge. After the foreman had talked with the trial judge he returned to the jury room and told the other jurors that the court stated that the jury could make no recommendations, but said that they should answer the questions asked.

In holding such conduct reversible error, the Waco Court of Civil Appeals said: "Clearly, we do not think the trial court intended to do any wrong. It appears that he was trying to keep the juror from talking to him. However, almost the identical question involved here has been at different times before the Supreme Court of this state, and it has been universally held that any communication by an individual member of the jury with the court relative to the cause on trial, especially after the same has been submitted to the jury, will necessitate a reversal. * * * The statutes above referred to provide specifically that the jury shall not have any communication with the trial judge after it retires to consider the verdict, except when the entire jury appears in open court, or when the jury communicates with the court in writing. It is unfortunate that a verdict must be set aside by reason of the foreman of the jury having talked to the court, innocently though it was done as in this case, and the judge having discussed the matter with the juror, innocently as was done. However, our courts have uniformly held, and we think it the only safe rule, that where the Legislature has definitely and clearly enacted a statute, the courts should observe and enforce same."

It is our further opinion that it is immaterial that the violation of the rules complained of in the instant case occurred in the courtroom. For expediency such room had, for the moment, been transformed into a jury room. Every one concerned recognized it as such and officers were stationed to guard its privacy. The trial judge had no cause to assume that the jury had reached a verdict and was ready to report. He knew they merely wanted to ask him a question. The sheriff had gone to summon the attorneys in the case, but neither they nor the sheriff had arrived. The trial judge knowing that, did not wait for their arrival, nor did he have the officer in charge place the jury in the jury box or open the courtroom door or do any act to indicate a cessation of jury deliberations and a resumption of open court. On the contrary, the trial judge entered the jury room while the jury was still deliberating and permitted them to ask him a question behind closed doors and under circumstances which could not reasonably be presumed to be in open court. We think such conduct, however innocent it may have been, was clearly a violation of the provisions of the rules in question and, under the authorities above cited, necessitates a reversal of this case.

The judgment will be reversed, and the cause remanded.