## CURRIE v. SMITH.
### No. 11671.

Court of Civil Appeals of Texas. Galveston.

Dec. 21, 1944.

Rehearing Denied Jan. 11, 1945.

Allen, Helm & Jones, Shirley M. Helm and Albert P. Jones, all of Houston, for appellant.

Wood, Gresham, McCorquodale & Martin, of Houston (A. C. Wood, of Houston, of counsel), for appellee.

CODY, Justice.

This is a personal injury suit to recover damages sustained by Mrs. Bernice Currie, wife of appellant, when riding as a passenger in a truck operated by one Tom Taylor, as a result of a collision between said truck and a truck belonging to appellee,—defendant below. One of the defenses pled by appellee was that of unavoidable accident.

The first point urged by appellant is to the effect that the court committed reversible error in requiring the foreman of the jury during its deliberations to produce (in open court) the worksheet of the jurors and in divulging the contents of the same, and so disclosing the state of the deliberations of the jury at a time prior to the reaching of a verdict by the jury. Appellant's bill of exceptions reserving the point, omitting formal parts, reads:

"Be it remembered that during the trial of the above entitled and numbered cause the following proceedings were had;

"The arguments of counsel to the jury were concluded at about 12:30 o'clock p. m. on the afternoon of June 20, 1944. After having gone to lunch, the jurors began their deliberations during the early part of the afternoon of June 20, 1944. No communication was received from the jury until shortly after 5 o'clock that afternoon when there was delivered to the bailiff, who in turn delivered to the court, the following note:

" 'We find that the collision was the result of an unavoidable accident. Please advise which form of answer contained in the issue we should use, as there exists doubt in several of our minds as to the proper interpretation of the wording of the issue.

" 'C. M. Vinsonhaler, Foreman.'

"Upon receiving this written inquiry from the jury, the court requested counsel to assemble in his office. Messrs. Shirley M. Helm and Albert P. Jones, attorneys for the plaintiff, and Mr. Newton Gresham, attorney for the defendant, came to the office of the court in response to his request. Mr. A. C. Wood, who had actively participated in the trial as counsel for the defendant, was not then available. When counsel assembled, the court announced that he had received a communication from the jury which was read to counsel. Counsel for the plaintiff stated to the court that in their opinion the inquiry was one which the court could not answer, that the court could not properly give the jury any additional instruction on the matter inquired about, and that they requested the court to take no action on the matter except to inform the jury that the question could not be answered. Counsel for the plaintiff further stated to the court that they intended to ask for a mis-trial in the event anything furher was done than to inform the

jury that the inquiry could not be answered. The court then announced that it was his intention to have the jury brought into the box in the courtroom and to request the foreman of the jury to produce the jury's work sheet. Counsel for defendant requested the court to take this action and counsel for the plaintiff then and there excepted and objected to such action on the part of the court. The court and counsel then proceeded to the court room, and after the court had been seated at the bench, the jury was brought into the box by the bailiff. Under the instruction of the court, the foreman went from the jury box in the courtroom to the jury room and obtained the work sheet of the jury which was delivered to the court. Counsel for the plaintiff protested the action of the court in this matter. The court then called counsel into his chambers and advised counsel for both parties that it was his intention to divulge the contents of the work sheet to counsel and counsel for plaintiff thereupon protested and objected to such action on the part of the court, reserved an exception and requested the court not to divulge the contents of the work sheet on the ground that this was an unwarranted and unauthorized communication with the jury. The court stated that it was his opinion that he was entitled to have the advice of counsel for both parties, and that he could not seek the advice of counsel for one party in the absence of the other, and for that reason he had called them into chambers to counsel with him as to the proper procedure to be followed in answering the communication of the jury. The court declined the request of counsel for the plaintiff that the contents of the work sheet be not divulged. The court then proceeded to read to counsel the contents of the work sheet which were as follows:

1 No
2 —
3 No
4 —
5 —
7 No
8 —
9 —
10 No
11 —
12 No?

14: They did not constitute a new and independent proximate cause.

15: It was not the sole proximate cause.

16

17

"As soon as the contents of the work sheet of the jury had been disclosed to counsel by the court, counsel for plaintiff promptly moved the court to declare a mistrial, which motion was overruled, and an exception was taken by counsel for plaintiff. The court being undecided as to what action should be taken on the request of the jury and it being late in the afternoon and the court having theretofore announced that he would not keep the jury together at night but would excuse them in time for them to go to their homes, the court thereupon proceeded to the courtroom and dismissed the jury with the instruction that the jurors should not discuss the case among themselves nor permit any discussion of it in their presence, and advised them not to think any more about the case until they should return the following morning at 9 o'clock.

"On the morning of June 21st, 1944, at the hour of 9 o'clock a. m. the jury returned to the courtroom and took their places in the box. The court then instructed the jurors to retire to the jury room and await further instructions. With respect to the communication of the jury to the court on the preceding afternoon, the court announced that he would instruct the jury in writing as follows:

" 'Gentlemen of the jury:

" 'With respect to the communication sent by you to the court on yesterday, you are instructed that the answers which have been prepared following each special issue constitute the only instructions the court can give you. You will therefore consider this special issue and make such answer to it as shall reflect your finding. You are further instructed to write the answer to each special issue upon the sheet of paper containing such special issue, in the space following the form of answer, and return the same to the court as your verdict.'

"This instruction was then read to the jury and the jurors retired to resume their deliberations. At this time counsel for the plaintiff renewed their motion for a mistrial, which motion was overruled by the court an an exception was reserved by plaintiff.

"The jury did not report at any time during the afternoon of June 20, 1944, that a verdict had been reached, nor was any such report made to the court by the jury until about 11:00 o'clock a. m. on the morning of June 21, 1944, when the verdict was received by the court and filed."

Rule 283, Texas R.C.P., which was formerly R.C.S. Art. 2195, reads:

"The officer in charge of the jury shall not make nor permit any communications to be made to them, except to inquire if they have agreed upon a verdict, unless by order of the court; *and he shall not before their verdict is rendered communicate to any person the state of their deliberations* or the verdict agreed upon."

■ The language just quoted was recently construed in the case of Houston Electric Co. v. Lee, 139 Tex. 166, 162 S. W.2d 692, 694. The court there held that the effect of this language was to prevent the judge or any other person than the jury from knowing the state of the jury's deliberations. "This is true regardless of the fact that in ascertaining the state of the deliberations no wrong * * * was intended." In other words the court held that the language of the rule just quoted had the ultimate purpose and effect of making it unlawful for the judge or any other person from knowing the "state of the [jury's] deliberations". And in the case just quoted from it was held that for the judge to send in and get the work sheet of the jury was reversible error.

In the recent case of Houston Electric Co. v. McElroy, 139 Tex. 170, 163 S.W.2d 1062, the court likewise held, in effect, that it was reversible error for the court to undertake to learn the state of the jury's deliberations. And in that case, which went up from this court, there was no evidence of how any harm could have resulted, and for that reason we declined to reverse the case.

While it is true that in this case the attorneys of the parties were present, that fact did not prevent the court's action from being erroneous under the holding in the cases just cited. They protested such action and reserved the foregoing bill of exceptions.

Appellee takes the position that the foregoing rule was not violated, and that there is no rule or statute which prevents the court from ascertaining in open court the state of the deliberation of the jury. And while appellee does not question that the language of the court in the Lee case was broad enough to indicate that it was there held that it was reversible for the court by any means to inquire into and learn the state of such deliberation, they contend that such language was mere dicta. But appellee contends that, even if the court's action was error, it was not reversible error, because it was not shown to have resulted in harm. In this connection appellee argues with much force that Rule 434, Texas Rules of Procedure, which is taken in part from old Rule 62a, has the status and dignity of a statute, and in all respects has equal force with Rule 283, above set out. So that Rule 283 must be construed as though Rule 434 were a part of it. That this was not true of Rule 62a, which had been adopted by the Supreme Court, at the time of the Lee case, supra, was decided. Golden v. Odiorne, 112 Tex. 544, 249 S.W. 822.

Rule 434 reads, so far as here material: "Provided, first, that no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court; and if it appear to the court that the error affects a part only of the matter in controversy, and the issues are severable, his judgment shall only be reversed and a new trial ordered as to that part affected by such error."

■ Without undertaking to pass generally upon the effect that is to be accorded to old Rule 62a, as now re-enacted into New Rule 434, we have concluded that the Supreme Court has, in effect, declared that it is the public policy of the law that the privacy and secrecy of the deliberations of the jury must be maintained. Even in the absence of a statute we believe the Supreme Court, as the final repository of the judicial power of the State, would be authorized to declare the public policy with reference to a matter which so nearly affects the administration of justice by the courts of the State, as here involved. Certainly the Supreme Court has attributed

such a public policy to Rule 283, when it was Art. 2195. Where the privacy of the jury's deliberation has been invaded it would generally be difficult to show any harm. But when this does occur the confidence of the parties that no harm resulted would be difficult to maintain, and it is essential that this confidence be maintained. We therefore hold that Rule 434 does not affect the holding in the Lee case, and that it is not necessary to show harm before such invasion of the privacy of the jury's deliberations makes the error a reversible error.

We must therefore sustain appellants' first point, and reverse the judgment, and remand the cause for a new trial.

Reversed and remanded.