## MILLERMAN v. HOUSTON & T. C. R. CO. et al.

### No. 867.

Court of Civil Appeals of Texas. Waco.

April 24, 1930.

Rehearing Denied May 29, 1930.

Callicutt & Upchurch, of Corsicana, for plaintiff in error.

Baker, Botts, Parker & Garwood, of Houston, Lovett & Lovett, of Corsicana, and Frank A. Woods, of Franklin, for defendants in error.

BARCUS, J.

Plaintiff in error instituted this suit against defendants in error to recover damages which he claimed to have suffered by reason of his land being overflowed and his crops damaged and destroyed by reason of defendants in error having failed and refused to build, construct, and maintain sufficient openings, culverts, or sluices through its railroad bed across his property to sufficiently drain and carry off the surface water. The parties will be designated as in the trial court. The cause was submitted to a jury and resulted in

judgment being entered denying plaintiff any recovery.

The record shows that the defendants were the owners and operators of a railroad track across plaintiff's land, which had been built originally for the purpose of reaching a gravel bed. The deed conveying the right of way to the predecessors in title of defendant provided that the railway company would provide sufficient openings and ditches for the natural drainage of the land, said openings and ditches to be so placed and constructed as to carry off the natural flow of water and prevent backwater from collecting thereon. Said railway track was built in 1916. The evidence tends to show that thereafter from time to time the roadbed of the railway track was raised and the culverts and sluices and ditches were from time to time changed in some respects. Plaintiff's contention as raised by his pleadings and proof was that the defendants had not originally provided for sufficient culverts, drains, and sluices to carry off the surface water, and further that since the road was originally built the railway track and roadbed had been raised from time to time and defendants had not at the time they raised the roadbed provided additional drains, sluices, and culverts to carry off the natural flow of water, as required either by the specific contract or by Article 6328 of the Revised Statutes.

The trial court submitted a large number of issues to the jury. The first issue submitted, in substance, whether the defendants constructed the necessary culverts or sluices required for the drainage of plaintiff's land, as required by article 6328 of the Revised Statutes; and the second issue submitted the question as to whether the defendants had constructed and maintained sufficient culverts, ditches, and sluiceways as required by the special contract made at the time the railway track was built. The court instructed the jury that if they answered each of the first two questions in the affirmative, they need not answer any other questions. The jury, having answered the first two questions in the affirmative, did not answer any of the other special issues submitted.

Plaintiff contends that the trial court was in error in instructing the jury not to answer the remaining issues, provided the first two issues were answered in the affirmative. We overrule this contention. Said issues were the controlling ones in so far as plaintiff was concerned. If as a matter of fact the defendants had constructed and were maintaining the necessary culverts, drains, and sluices to carry off the water, plaintiff was not entitled to recover any damages. In the case of Western Indemnity Co. v. Corder (Tex. Civ. App.) 249 S. W. 316, the court specifically held that it was the proper and most commendable way for the trial court to submit a case on special issues to instruct the jury that if they answered the controlling issues in such way that the other issues became immaterial, they should not waste their time in attempting to answer the issues that became immaterial by reason of their findings on the material issues. The law requires the trial court to submit all material and controverted issues to the jury, but it is not within the contemplation of the statutes that the jury shall be required to answer issues that become immaterial if and when they answer other issues in such way as to make same immaterial.

Plaintiff complains of the verbiage used by the trial court in the submission of special issues 1 and 2, his contention being that same was calculated to mislead the jury and authorize them to answer said issues in the affirmative if they believe that the defendants originally constructed sufficient drains, culverts, and sluiceways to carry off the water. The issues as submitted were practically in the language requested by plaintiff. In view, however, of the reversal of this case, we deem it proper to state that the issues should be so framed as to let the jury determine whether during the years 1925, 1926, and 1927, for which plaintiff was seeking damage, the defendants had and maintained sufficient openings, culverts, drains, and sluiceways to carry off the water. As an abstract question, the defendants were required, in the construction of the railroad track, to provide the necessary drainage. The real issue, however, in the instant case was, not whether they had been originally constructed fourteen years ago, but whether at the time of the alleged damages the railway at that time had provided and was maintaining sufficient openings. Our courts have held that it is the duty of railway companies, under article 6328 of the Revised Statutes, to not only construct but to maintain necessary culverts, sluiceways, and drains. International & G. N. Ry. Co. v. Glover (Tex. Civ. App.) 84 S. W. 604; G., H. & S. A. Ry. Co. v. Wurzbach (Tex. Civ. App.) 189 S. W. 1006.

Plaintiff complains of the action of the trial court in refusing to set the judgment aside because of the misconduct of the trial court. We sustain this assignment. The record shows that after the jury had retired to consider its verdict, a discussion arose in the jury room as to whether the jury would have the right to recommend that the defendants open some additional culverts or waterways, two of the jurors stating that they would not vote for a verdict for defendants unless that recommendation could be made. At the jury's suggestion, the foreman left the other eleven jurors in the jury room, and he went to interview the trial judge, to ascertain whether the jury could make such a recommendation. The foreman of the jury

went to the courtroom where the trial judge was, and asked him if it was permissible for the jury to make such a recommendation. After the foreman of the jury had talked with the trial court, he returned to the jury room and told the jury that the court stated they could make no recommendations, but to answer the questions as asked. The district judge testified that the first he knew of the foreman desiring to speak to him was when said juror came to the door of the courtroom and told him that the jury were standing ten to two on one question, and that two of the jurors wanted to recommend a bridge or sluiceway in the railroad. He testified that he immediately told the juror not to talk to him about the case; for him to answer the questions as given in the charge; that he told him it was up to the jury to answer the questions. The court stated that he did not tell the foreman that the court would see about the construction of the culverts, but that the foreman probably gained that impression from what was said; that he did not think, however, he used that language. Some of the jurors testified that when the foreman returned he told them the judge said that the jury would have to answer the questions as given and could not make any recommendations, and that he (the court) would pass on the question of whether any additional culverts must be opened. Clearly, we do not think the trial court intended to do any wrong. It appears that he was trying to keep the juror from talking to him. However, almost the identical question involved here has been at different times before the Supreme Court of this state, and it has been universally held that any communication by an individual member of the jury with the court relative to the cause on trial, especially after the same has been submitted to the jury, will necessitate a reversal. Texas-Midland Ry. Co. v. Byrd, 102 Tex. 263, 115 S. W. 1163, 20 L. R. A. (N. S.) 429, 20 Ann. Cas. 137; Parker v. Bailey (Tex. Com. App.) 15 S.W. (2d) 1033; Corn v. Crosby County Cattle Co. (Tex. Com. App.) 25 S.W.(2d) 290. In Texas-Midland Ry. Co. v. Byrd, supra, the Supreme Court, after quoting the provisions of the statutes, now articles 2194 to 2198, relative to the method and manner of communicating with the jury, and especially articles 2197 and 2198, with reference to the jury communicating with the court, held that where it was shown the court conferred with the foreman of the jury relative to any matter connected with the litigation, it was of such moment as to require the cause to be reversed. In said opinion the court specifically held that the conduct of the trial court involved no moral delinquency, nor, so far as could be seen, did it in any way affect the verdict of the jury. The statutes above referred to provide specifically that the jury shall not have any communication with the trial judge after it retires to consider the verdict, except when the entire jury appears in open court, or when the jury communicates with the court in writing. It is unfortunate that a verdict must be set aside by reason of the foreman of the jury having talked to the court, innocently though it was done as in this case, and the judge having discussed the matter with the juror, innocently as was done. However, our courts have uniformly held, and we think it the only safe rule, that where the Legislature has definitely and clearly enacted a statute, the courts should observe and enforce same.

Plaintiff complains of the trial court having placed on him the burden of establishing the fact that the defendants had failed to provide and maintain sufficient sluiceways, culverts, and drains. In this there was no error. In order for the plaintiff to recover, the burden is on him to establish his cause of action as alleged, and in order for him to recover, he must establish said facts.

For the error indicated, the judgment of the trial court is reversed, and the cause remanded.