## GERNETH et al. v. GALBRAITH FOX-WORTH LUMBER CO.

### Motion No. 9531; No. 1411—5605.

Commission of Appeals of Texas, Section A.

May 20, 1931.

See, also, 6 S.W.(2d) 215.

H. L. Stuart and R. R. Bell, both of Oklahoma City, Okl., and W. S. Moore, of Gainesville, for plaintiffs in error.

Will D. Garnett, of Gainesville, and Underwood, Johnson, Dooley & Simpson, of Amarillo, for defendant in error.

CRITZ, J.

This case is before us on motion for rehearing filed by the lumber company. We have read and carefully considered this motion, and while we still adhere to the views expressed in our original opinion, 36 S.W.(2d) 191, on the matters therein discussed, we find that the motion calls to our attention an assignment of error which we overlooked in our former opinion. This matter is presented by the lumber company's bill of exception No. 5. This bill reads as follows:

"Be it remembered that upon the trial of the above numbered and entitled cause in the District Court of Cooke County, Texas, said trial beginning on September 10th, and the jury returning its verdict on September 13th, 1928, the following proceedings were had, to-wit:

"The argument of said case was concluded about 4:30 p. m. September 12th, 1928, and the jury retired under the charge of the Court to deliberate upon its verdict.

"That after having deliberated from about 4:30 p. m. September 12th, 1928, the jury, at about 10 a. m. September 13th, 1928, knocked upon the door to the jury room where said jury was deliberating; that the Sheriff of Cooke County viz, Jake Wright, answered the knock of the jury and was informed that the jury wished to communicate with the District Judge, Honorable Alvin C. Owsley; that the Sheriff communicated the request of the jury to Judge Owsley, who was upon the bench hearing an argument on exceptions in another case; that Owsley requested said attorneys (none of whom was an attorney in the Gerneth case) to suspend their argument, and in the absence of plaintiffs' and defendant's counsel in the above entitled cause, and without their consent, and without calling them to court and requesting their consent, the Honorable Alvin C. Owsley, District Judge, before whom this cause was tried, left the bench and walked into the jury room where the jury was deliberating in said cause, and the door was closed or partly closed behind him, and conferred with and communicated with said jury; that said District Judge remained in said jury room about two or three minutes with the door to said jury room closed, or partly closed; that after having been in said jury room alone with said jury for about two or three minutes, the door to the jury room was opened and said District Judge resumed his place on the bench, and advised said other attorneys they might proceed with their argument.

That when the foregoing action upon the part of the District Judge occurred, neither the plaintiffs' nor the defendants' attorneys were in court, and said District Judge went into said jury room and remained thereon alone with the jury for about two or three minutes with the door closed, or partly closed, and that this was done without notifying the attorney's for either plaintiffs or defendant, or notifying them that the jury desired to consult with the District Judge; and that said conference was held between the jury and said Judge in the jury room during deliberation, with the door closed or partly closed, and the communications between them were had in said jury room and not in open court.

"That upon being advised as to the foregoing facts, as hereinabove set out, on September 13th, 1928, on the same day, defendant's counsel went to the District Judge and informed him that the defendant reserved an exception to the action and conduct of the said Judge in going into the jury room alone with the jury during their deliberations and communicating and conferring with said jury with the door closed, or partly closed, and excepted to the action and conduct of said District Judge in remaining with said jury in said room alone for about two or three minutes, in the absence of counsel for both plaintiffs and defendant, and without their knowledge, and without requesting their presence when said request was made by the jury to communicate with the Court.

"Defendant so objected and excepted in open court on September 13th, 1928, to the action of the District Judge, as hereinabove set out, because under the law the only manner in which the Court shall confer with the jury after it has retired to deliberate upon its verdict, is clearly stated and laid down, and the trial judge is permitted to give no further instructions or confer with the jury in any manner, except in open court; and because the trial judge conferred with and communicated with the jury alone during their deliberations in the jury room with the door closed or partly closed, in the absence of and without the knowledge or consent of plaintiffs' or defendant's counsel and not in open court, said District Judge committed reversible error."

"And defendant here now in open court tenders this, its bill of exceptions, and prays the Court that the same may be examined, signed and approved by the Court, and ordered filed as a part of the record in this cause."

We think the above bill presents error which must result in remanding this cause to the district court for a new trial. Our statutes very completely and carefully prescribe the conditions in which a jury shall deliberate on its verdict. Also such statutes very carefully define the manner in which, and the

conditions under which, the jury may confer with the trial judge and receive additional instructions from him. R. C. S. of Texas 1925, arts. 2194–2198.

■ Obedience to the above statutory provisions is necessary to preserve the right of trial by jury in an open forum. When the trial judge violates these statutes by communicating with the jury at a place not in open court, error is committed, and reversal must follow regardless of the question of injury. Texas Midland R. R. Co. v. Byrd, 102 Tex. 263, 115 S. W. 1163, 20 L. R. A. (N. S.) 429, 20 Ann. Cas. 137; Parker v. Bailey, 15 S.W.(2d) 1033, 1035 (Tex. Com. App. opinion approved); Corn v. Crosby County Cattle Co. (Tex. Com. App.) 25 S.W.(2d) 290.

Plaintiff in error very earnestly contends that the matter of the misconduct of the trial judge in the instant case is not properly presented for review because no evidence was heard by the trial court touching the matter presented in the bill. In support of this contention plaintiff in error cites, among others, the following cases: Harris v. Smith (Tex. Com. App.) 265 S. W. 546; Puett v. Brady (Tex. Civ. App.) 16 S.W.(2d) 832.

In the Harris Case, supra, it is shown that the matter of misconduct of the trial judge was presented in the trial court by three affidavits attached to the motion for a new trial. No evidence whatever was heard touching the matter, and no bill of exception was reserved except the general bill based on the order overruling the motion for a new trial. Of course, such a record presented nothing to the appellate court for review. Ex parte affidavits prove nothing with reference to such matters. It follows that there was nothing in the record to support the alleged misconduct of the trial judge.

It is true that the opinion in the Harris Case says: "Our construction of article 2021 is that, if communication by the court with the jury has been alleged in the motion for new trial, the only way for the court to determine whether a new trial shall be granted because of such communication is for the court to hear evidence thereon by examination in open court." We think the above expression in the Harris Case is error and should not be followed.

In the Puett Case, supra, which is by the Court of Civil Appeals, the above set out portion of the opinion in the Harris Case is quoted with approval. Of course, when we overrule this portion of the opinion in the Harris Case we also overrule the same holding in the Puett Case. At this point we call especial attention to the fact that the quoted portion of the opinion in the Harris Case is dicta, and was not at all necessary to a decision of that case.

■ In the case at bar the matter of misconduct on the part of the trial judge is fully presented by bill of exception duly approved and certified to by the very judge who committed the act of misconduct. In such a case it would be idle to have the trial judge hear evidence. The matter must of necessity occur in the presence and hearing of the court, who personally knows of all the facts relating thereto. In such a case the error is properly presented by bill of exception duly approved by the trial judge.

At this point we wish to say that it is not intended by this opinion to hold that the judge who tried this case committed any moral wrong. The misconduct involves only a legal error.

For the reasons stated we recommend that the motion for rehearing filed herein by the lumber company be granted; that the former judgment of this court reversing the judgment of the Court of Civil Appeals and affirming the judgment of the district court be set aside; and that a new judgment be now here rendered as follows: That the judgments of the Court of Civil Appeals and district court be both reversed and set aside, and this cause remanded to the district court for a new trial.

CURETON, C. J.

Previous judgment set aside, and the judgments of the Court of Civil Appeals and District Court are both reversed, and cause remanded, as recommended by the Commission of Appeals.