## NEELY et al. v. WOOLLEY.

### No. 11047.

Court of Civil Appeals of Texas. Galveston.

Oct. 3, 1940.

Earl Sharp, of Longview, and Strasburger, Price, Holland, Kelton & Miller, of Dallas, for appellants.

Collins, Pate, Hatchell & Garrison, of Lufkin, for appellee.

GRAVES, Justice.

This appeal is from an $8,000 judgment of the 124th District Court of Gregg County in favor of the appellee against appellants, based wholly upon a jury's verdict in response to special issues submitted, wherein it was, in substance, found that the appellee's wife had sustained personal injuries in an automobile accident in Kilgore, Texas, as a result of the negligence of the appellants and the driver of their car, which proximately caused her to suffer damages in the sum stated.

While there were a number of issues raised during the trial—including a contention upon the part of appellants that Mrs. Woolley had been herself negligent, which proximately caused the accident, in that she "suddenly and without warning opened the door of the car in which she was sitting, it being parked on the wrong side of the street down which appellants' car was proceeding, preparatory to getting out of her car, thereby causing it to be struck by the appellants' car"—and while the record brought here of the trial proceedings is very voluminous, it is deemed unnecessary to go further into them, for this reason:

It is made to undisputedly appear by appellants' approved and uncontroverted bill of exception No. 1, in substance, as follows:

"That the jury retired to consider its verdict at about 3:15 P.M. on August 25, 1939; that between 6:00 and 7:00 o'clock P.M. on said date last above mentioned, the Court presiding stated that he was going out to his home to eat supper and could be reached by telephone if needed; that he thereupon left the courtroom; that thereupon counsel for the defendants went across the street to a drug store to eat some sandwiches; that as they returned to the courthouse on the first floor preparatory to going to the third floor where the jury was located, they met the Honorable

Judge of this Court, who informed them that the jury had written him a note stating that they could not answer Special Issue No. 3 (asking whether or not defendants' driver had—when the collision occurred—been in any degree under the influence of intoxicating liquor), and desired to have read to them by the Court Reporter all of the evidence bearing on intoxication; and that he had written and sent to the jury a note to the, effect that they should designate the names of the witnesses whose testimony they desired read; that upon returning to the courtroom one of counsel for plaintiff informed attorneys for the defendants that the note stated that the jury stood eleven to one for a 'Yes' answer on Special Issue No. 3, and that he had obtained this information from reading the jury's note itself at a time when counsel for defendants were across the street as above indicated; that counsel for the defendants returned to the courtroom, and shortly thereafter the jury was discharged for the night with instructions to report at 8:30 o'clock A. M. this date.

"That before the jury left for the night the verdict, together with the communication above mentioned, was placed in a sealed envelope and left in the hands of the Court; that this morning the Court handed to Mr. K. J. Preston, one of the jurors, the sealed envelope, and had a conversation with him outside the jury-room, while the other eleven jurors were in the jury-room, at which time the Court in effect told Mr. Preston that it would take half a day to read all of the evidence on intoxication and that he would not have the Court Reporter read any testimony unless the jury designated the names of the witnesses whose testimony they desired, or the evidence they desired. * * *

"Upon motion for a mistrial being presented to the Court and objection being made to the action of the Court, the Court stated with reference to the communication between juror Preston and the Court, that the oral communication by the Court to the juror Preston outside of the jury-room and outside of the presence of the other eleven jurors, did not differ in any way, and was to the same effect, as the communication of the Court contained in the note above mentioned."

■ Conduct on the part of the trial judge—not in legal effect in any material respect differing from that thus appearing in this instance—has been uniformly held by our Supreme Court to constitute reversible error, regardless of the question of whether or not it resulted in injury to the losing party upon the trial. Vernon's Texas Civil Statutes, Article 2197; Gerneth v. Galbraith Foxworth Lumber Co., Tex. Com.App., 38 S.W.2d 775; Parker v. Bailey, Tex.Com.App., 15 S.W.2d 1033; Texas Midland Ry. Co. v. Byrd, 102 Tex. 263, 115 S.W. 1163, 20 L.R.A.,N.S., 429, 20 Ann. Cas. 137.

Indeed, though deprecating the establishment of 'such a rule, the appellee—upon the record in 'this appeal—confesses error upon the trial court's part in the action shown, and requests this court "if it is in accord with the strict rule laid down and followed by the Supreme Court, and is of the opinion that the case must be reversed, to reverse it immediately." It is needless to say that this court in such circumstances has no alternative except to follow the law as so repeatedly declared in the cited causes by our own court of last resort.

■ During the pendency of this cause in this court, two motions made by the appellee have been taken for decision with the case itself, Nos. 11987 and 11988; the first sought consideration of the cause before the court's summer recess, which has already ended, hence that matter has become moot; the other prayed for a retaxing of the costs of this appeal, upon a verified statement of facts upon that feature, which has in nowise been controverted by the opposing litigants, in substance as follows: "The official court reporter has charged, for this 'Question and Answer' form of the Statement of Facts, an arbitrary amount of about 58 cents per page thereof, or the total sum of Three Hundred and Eighty-eight ($388) Dollars, when such charge—when calculated at the 'fifteen cents per hundred words' allowed by statute—should have been One Hundred Ninety-five and 20/100 ($195.20) Dollars; and the district clerk has charged an arbitrary amount of 50 cents per page thereof or a total of Seventy-one and 50/100 ($71.-50) Dollars, for the Transcript, when the actual charge, according to the number of words, and figured at the statutory allowance of 'for each one hundred words, fifteen cents', should have been Fifty-one and 58/100 ($51.58) Dollars."

Obviously, we think, the motion to retax is good, and should be sustained, under these authorities. Vernon's Texas Civil Statutes, Arts. 2238, 2239, 2324, and 2325;

Roby v. Hawthorne, Tex.Civ.App., 84 S. W.2d 1108; Vernon's Civil Statutes, Art. 3927.

The cost bill therefore should be so revised as to allow the official court reporter for compiling the statement of facts only fifteen cents per hundred words thereof, instead of the $388 charged, and the district clerk for making up the transcript, "for each one hundred words thereof fifteen cents", instead of the $71.50 so charged.

Conformably hereto, the judgment is reversed and the cause remanded; and the trial court is instructed to hear evidence, and then fix the proper charges for this transcript and statement of facts, in accordance with this opinion.

Reversed and remanded.