HOUSTON ELECTRIC COMPANY V. ARTHUR LEE.

No. 7899. Decided May 27, 1942.
(162 S. W., 2d Series, 692.)

*J. C. Hutcheson III* and *Baker, Botts, Andrews & Wharton,* all of Houston, for plaintiff in error.

It was error on the part of the Court of Civil Appeals to hold that the act of the trial judge in sending his bailiff into the jury room to obtain his charge and their unfinished verdict constituted a communication between the court and the jury. Monkey-Grip Rubber Co. v. Walton, 122 Texas 185, 53 S. W. (2d) 770; R. S. 1925, Articles 2197 and 2198.

*Gammage, Gammage & Bauer,* of Houston, for defendant in error.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This suit was filed by Arthur Lee against Houston Electric Company for damages for personal injuries alleged to have been received by him on account of the company's negligence. The trial court's judgment was in favor of the company. The Court of Civil Appeals reversed the judgment and remanded the cause for another trial. See the opinion of the Court of Civil Appeals for a detailed statement of the case. 152 S. W. (2d) 379.

The company filed application for writ of error seeking to have the judgment of the Court of Civil Appeals set aside and that of the trial court affirmed.

The record discloses, among other things not necessary to state, that during the course of the trial the judge sent his bailiff into the jury room to get the jury's work sheet; that the bailiff procured from the foreman the work sheet, delivered it to the judge, and communicated to him in doing so that the foreman stated the jury thought they would have a verdict in fifteen minutes; and that the bailiff after turning the work sheet over to the judge later returned it to the foreman. The judge stated into the record that he and the bailiff waited at the court not less than thirty minutes from that time. The judge's statement continues; "* * * there was nobody here but some court attaches *and none of the attorneys for either party was*

*present at the above occurrence or knew anything about it until after the verdict was rendered and the jury discharged."* (Italics ours).

The company contends the facts stated show. there was no personal conversation between the judge and the jury and that the act of the trial judge in sending for and receiving from them the unfinished verdict did not, as held by the Court of Civil Appeals, constitute a communication between the court and the jury. We overrule this contention.

While it is true there was no personal conversation between the judge and the jury it is equally true that there was a communication between them. The judge communicated through his bailiff to the jury his desire to have its work sheet sent to him. The medium of this communication was the officer in charge, the court's bailiff. He obeyed the instruction given, went into the jury room, procured the work sheet from the foreman, delivered it to the judge, and later took it back to the foreman. The action of the foreman in thus sending the unfinished verdict to the judge was not voluntary but was in response to the judge's request. It constituted a communication between the judge and jury concerning the case, and was not in open court.

The company further contends that even if the occurence stated constituted a communication between the judge and jury it was not an improper communication, and, at most, was not reversible error. We overrule this contention also. Arts. 2195, 2197 and 2198, R. C. S. 1925; Texas Midland R. Co. v. Byrd, 102 Texas 263, 115 S. W. 1163; 20 L. R. A. N. S. 429, 20 Ann. Cas. 137; Gerneth v. Galbraith Foxworth Lbr. Co. (Com. App.), 38 S. W. (2d) 775; Lincoln v. Stone (Com. App.), 59 S. W. (2d) 100; Holman Bros. v. Cusenbary (Civ. App.), 225 S. W. 65.

This Court in the opinion in the Byrd case in discussing the statutes cited, and therein set out in full, said:

"It seems to us that in deciding this question we are not required to enter into a discussion of the question of how a conference between the judge and the foreman would have affected a verdict if at all (citing and quoting the statutes cited above). It is thus seen that the statutes very carefully provide the manner in which the court shall confer with the

jury and that he shall given no instructions or confer with them in any manner except in open court. The obvious purpose of this is that counsel may be present and see that the conference is proper, and, if not, may take a bill of exception to the action of the court. It seems to us, therefore, that it is error for the judge to confer with the jury in any other manner than that prescribed by law, and that if he does his judgment on that account ought to be reversed."

It is well settled, as appears from the cases cited, that it is reversible error for the court and jury to confer about the case except in the manner provided by the statutes.

The result of the communication in the present case entailed the violation of the statutes in more than the particular pointed out. It was procured in violation of the mandatory provision of Article 2195 R. C. S. 1925, which stipulates that "the officer in charge of the jury *shall not* * * * *before their verdict is rendered, communicate to any person the state of the deliberations* * * *." The result of the communication was not merely the ascertaining by the judge of whether the jury had "agreed upon a verdict," which specific fact may be ascertained as provided by the article just quoted from. The result was to disclose to the judge the *state of the jury's deliberations before the verdict was rendered.* While it was permissible under the terms of the statute for the judge to cause the bailiff to inquire if the jury had agreed upon a verdict and to communicate to the judge whether or not a verdict had been reached, it was reversible error for the state of the jury's deliberations to be disclosed to any person by the officer in charge, or even for such officer to communicate with the jury concerning the state of their deliberations other than to ascertain in the manner provided whether a verdict had been reached. Beyond this fact it is not the lawful concern of the judge or *any person* other than the jury what the state of its deliberations was. This is true regardless of the fact that in ascertaining the state of the deliberations no wrong (as in the present case) was intended. Millerman v. Houston & T. C. R. Co., 27 S. W. (2d) 897 (writ refused).

It is unnecessary to extend this opinion any further than to say we are in accord with the holdings of the Court of Civil Appeals on the questions of contributory negligence and discovered peril; also with its holding that the question propounded to elicit testimony claimed by the company to be a part of the

res gestae, was properly excluded by the trial court. The judgment of the Court of Civil Appeals reversing that of the trial court and remanding the cause is affirmed.

Opinion adopted by the Supreme Court May 27, 1942.