HOUSTON ELECTRIC COMPANY V. C. E. McLEROY.

No. 7900. Decided May 27, 1942.
(163 S. W., 2d Series, 1062.)

*J. C. Hutcheson III, Baker, Botts, Andrews & Wharton,* all of Houston, for plaintiff in error.

On the question of what constitutes unavoidable accident. Orange & N. W. Ry. Co. v. Harris, 127 Texas 13, 89 S. W. (2d) 973; Bransford v. Pageway Coaches, 129 Texas 327, 104 S. W. (2d) 471.

It was error for the Court of Civil Appeals to hold that the act of the trial judge in sending to the jury room for certain information was not an interference with the deliberations of the jury, in violation of law so as to vitiate the verdict. Parker v. Bailey, 15 S. W. (2d) 1033; Renbolds v. Sandel, 142 S. W. (2d) 527.

*Ewing Werlein* and *N. B. Brunson,* both of Houston, for defendant in error.

On the question of negligence see Holland v. De Leon, 118 S. W. (2d) 489.

On the question of misconduct. City of San Antonio, 136 Texas 315, 150 S. W. (2d) 989; Yellow Cab Co. v. Word, 125 S. W. (2d) 1050.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This suit was filed by C. E. McElroy against Houston Electric Company for damages for personal injuries alleged to have been received by him on account of the company's negligence. The trial court's judgment was in favor of plaintiff. The Court of Civil Appeals affirmed the judgment. See its opinion for a detailed statement of the case. 153 S. W. (2d) 617.

█ It appears from the record that while the jury was in retirement in the jury room, and before it had reached a verdict,

the trial judge instructed his bailiff (the officer in charge of the jury) to procure for him the charge and the jury's work sheet, which the bailiff did. The court returned the charge and work sheet to the jury without comment. This action on his part was assigned in the Court of Civil Appeals as error on the ground it constituted a communication with the jury and was not permitted by law and vitiated the verdict. The assignment should have been sustained.

■■ The case is ruled upon this point by Houston Electric Company v. Arthur Lee, 139 Texas 166, 162 S. W. (2d) 692, this day decided. Its further discussion here is not necessary. The company in its application for the writ admits that with respect to this point there is no valid basis upon which this case can be distinguished from the Arthur Lee case. The judgment of the Court of Civil Appeals must therefore be reversed and the cause remanded. Nor is it necessary to discuss the question as to the correctness of the definition of unavoidable accident, further than to say it was incorrect as applied to the facts of this case, and that the conclusion of the Court of Civil Appeals that the issue of unavoidable accident was not in the case is also incorrect. Defendant's bus driver, corroborated by two passengers, testified the bus was being operated slowly and carefully in the heavy traffic and that the Brouchard car in which plaintiff was riding only a few feet ahead of the bus, stopped with such suddenness that the bus could not come to a complete stop before striking the car. The definition complained of was incorrect as applied to the facts in that it states than an accident to be unavoidable must occur "without the act or omission on the part of either party" proximately causing or contributing to cause the collision. Orange & N. W. R. Co. v. Harris et al, 127 Texas 13, 89 S. W. (2d) 973; Dallas Ry & Ter. Co. v. Price, 131 Texas 319, 114 S. W. (2d) 859. Since there was evidence that an act or omission of the driver (not a party to the suit) of the car in which plaintiff was riding may have caused or contributed to the accident, the definition was erroneous. The case last cited is pointed out in Houston Oxygen Co. et al v. Davis, 139 Texas 1, 161 S. W. (2d) 474, as containing a definition of unavoidable accident recently held by this Court to be correct.

The remaining assignment in the application for the writ relates to an alleged discussion by the jury of the amount of attorney's fees plaintiff would have to pay. We cannot assume

the alleged misconduct, if it occurred, will recur upon another trial, and therefore do not discuss it.

◼ The assignments in the brief of the company filed in the Court of Civil Appeals not brought forward in its application for writ of error, raise evidence questions. Two of these relate to the question of sufficiency, of which we have no jurisdiction. The other, which relates to the admissibility of testimony, is discussed by the Court of Civil Appeals and we agree with the conclusion of that court that it was not admissible.

The judgment of the Court of Civil Appeals affirming that of the trial court is reversed and the cause is remanded.

Opinion adopted by the Supreme Court May 27, 1942.