P. V. FOREMAN V. TEXAS EMPLOYERS' INSURANCE ASSOCIATION.

No. A-3124. Decided July 25, 1951.
Rehearing overruled October 3, 1951.
(241 S. W., 2d Series, 977.)

*Nelson Rogers* and *Joe G. Rollins,* both of Sherman, for petitioner.

The Court of Civil Appeals erred in holding that the trial

judge committed error in not discharging the jury and declaring a mistrial after having been advised by the jury that it could not agree, and in asking each juror whether or not he thought a verdict could be reached in said case. Houston Elec. Co. v. McElroy, 139 Texas 170, 163 S.W. 2d 1062; Houston Elec. Co. v. Lee, 139 Texas 166, 162 S.W. 2d 692; Kimbriel Produce Co. v. Webster, 185 S.W. 2d 198, er ref.

*Gullett & Gullett,* of Denison, *Keith & Brown* and *Joe A. Keith,* all of Sherman, for respondent.

After holding correctly that the trial court erred in overruling respondent's insurance company objections to the lengthy hypothetical question addressed to petitioner's only expert witness, the Court of Civil Appeals erred in holding that the error of the trial court was not sufficient to necessitate a reversal. *State v. Praetorians,* 143 Texas 565, 186 S.W. 2d 975; Robinson v. Draper, 133 Texas 280, 127 S.W. 2d 181; Dallas Railway & Terminal Co. v. Guthrie, 146 Texas 585, 210 S.W. 2d 550.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

The Court of Civil Appeals reversed the judgment of the district court in favor of petitioner in his suit under the Workmen's Compensation Law and remanded the cause, on its holding that the trial court committed reversible error in asking each juror in open court "Do you think you can reach a verdict?", and in sending the jury back for further deliberation instead of discharging them, after eleven of the jurors had answered the question in the affirmative and one juror had answered it in the negative. 236 S.W. 2d 824.

The trial court rendered judgment for petitioner, the employee, against respondent, the employer's insurer, for compensation at the rate of $25.00 per week for a period of 401 weeks, awarding payment in a "lump sum", amounting to $8,497.77, after the jury in answer to special issues had found that petitioner accidentally suffered injuries to his back while working in the course of his employment, which caused total permanent incapacity.

The trial court's action on account of which the judgment was reversed by the Court of Civil Appeals and the facts incident to that action are shown only by a bill of exceptions presented by respondent's counsel and found to be correct and approved by the court. These are the facts as recited in the bill:

The jury retired to deliberate at 3:53 o'clock P.M. on January 19, 1950, and continued in session until 5:22 o'clock P. M., when they were recessed, and reconvened the following day at 9:15 A. M., In about an hour a note from the foreman of the jury advised the court that it seemed that the jury could not agree on an answer to question No. 1. At noon the court was advised by another note from the foreman that the jury was having difficulty in agreeing upon issue No. 1, and that it might help the jury to have testimony of witnesses reread. The court in response to that note brought the jury into the courtroom at 1:17 P. M. and told them that if they disagreed as to the statement of any witness they might, by applying to the court in writing, have the part of the testimony of the witness on the point in dispute read to them. Again at 2:18 P. M. another note signed by the foreman was sent to the court, stating that it appeared impossible for the jury to agree on Special Issue No. 1. When this note was brought by the court to attention of counsel for both parties, counsel for respondent moved the court to discharge the jury and declare a mistrial, stating that to require the jury to deliberate further would amount to coercion. Counsel for petitioner expressed the belief that it would serve no useful purpose to keep the jury together further.

Thereafter, at 2:33 P. M. the court caused the jury to be brought into the courtroom and, addressing the juror Beer, asked him "Do you feel like you will ever be able to reach a verdict?" The juror answered "Yes". The court then asked the foreman, Bell, "Do you think you could ever reach a verdict?" He answered "I don't think so." The juror Duncan was asked "Do you think you can reach a verdict?" He answered "Yes". The other jurors were asked the same question, and all of them gave affirmative answers. The jury was retired at 2:41 o'clock P. M. and it reached a verdict at 4:09 P. M. on the same day.

Respondent's attorneys excepted to the court's action in overruling the motion to discharge the jury and in retiring the jury for further consideration of its verdict, on the ground that under all the circumstances the court's action constituted an attempted judicial coercion of the jury to return a verdict, and that in polling the jury before verdict the court was asking each juror as to his particular views of the case, and that the questions were so directed as to elicit that information instead of being directed to a determination of the question whether the jury as a group or body could agree on a verdict.

The opinion of the Court of Civil Appeals assumes, or con-

strues the statements in the bill of exceptions to mean, that by the questions to the jurors and their answers disclosure was made to the court that the jurors were divided eleven to one in their answers or attempted answers to Special Issue No. 1, and that the one who was not in agreement with the other jurors was shown to be the juror Bell. The opinion states that the ultimate effect of the inquiry was to disclose that he was standing out alone against the eleven, and it is reasoned that this disclosure "could not help having effect on the jury,—in a measure forced an agreement."

■ Respondent argues that these expressions amount to fact findings by the Court of Civil Appeals and that this Court is bound by them. In our opinion the foregoing statements in the opinion of the Court of Civil Appeals, if not merely surmises, are that the court's construction of the meaning of the facts set out in the bill of exceptions. A bill of exceptions is not evidence from which inferences of fact are to be or may be drawn. It is a statement of an incident or of proceedings in the trial on account of which exception is taken by one of the parties. This Court, notwithstanding the conclusions expressed in the opinion of the Court of Civil Appeals, is free to determine what is meant by the bill of exceptions and to decide the question of law, which is whether the proceedings or acts as related in the bill amount to reversible error.

■ When we look to the questions propounded by the court to the several jurors and the jurors' answers, it is apparent, we believe, that the court did not inquire and the jurors did not disclose by their answers how they were divided on Issue No. 1 or any issue. The inquiry made was merely "do you think you can reach a verdict?" The answers of all were affirmative, except that the juror Bell's answer was negative. This does not mean that the jurors were divided eleven to one as to how Issue No. 1 or other issues should be answered. It was merely the expression from each juror as to whether he believed a verdict could be reached. Doubtless there was a difference among them or a division, but the division may have been six to six or nine to three or some other. There was no disclosure as to how the jury "stood" numerically with respect to the answers that they desired or were ready to give. The court's question sought merely their opinions as to the probability or possibility of arriving at a verdict.

Respondent contends that the questions inquired of each juror whether he thought he could reach or agree upon a ver-

dict, while petitioner argues that the questions inquired of each juror whether he thought that the jurors, that is all of them, could reach a verdict. This difference arises from the court's use of the word "you". The question as phrased may reasonably be given either meaning. If it asked each juror's opinion whether he thought the jury could reach a verdict, it seems to be harmless, even though eleven of them answered in the affirmative and one in the negative. If it asked each juror whether he thought he could ever agree on a verdict, then the juror Bell's negative answer showed no more than that he believed he would not be able to arrive at agreement with the other purors. It is not to be assumed that the court's questions and the jurors' answers had the effect of forcing an agreement or that respondent was prejudiced by the court's action. The record does not disclose, and we have no means of knowing, what occurred in the jury room after the questions were asked and answered and the jury retired, further than that the jury retired at 2:41 o'clock P. M. and reached a verdict at 4:09 o'clock P. M., a period of one hour and twenty-eight minutes.

■ The usual practice is for the court to ask the jury collectively whether they can probably agree upon a verdict, looking to the foreman to answer for the jury. Here the court departed from that practice by addressing questions to the individual jurors. It is better, we believe, to conform to the usual practice, but in this instance, as reflected by the record before us, we find no reversible error.

The Court of Civil Appeals and respondent cite two decisions of this Court as announcing the applicable principles. Houston Electric Company v. Lee, 139 Texas 166, 162 S.W. 2d 692, and Houston Electric Company v. McElroy, 139 Texas 170, 163 S. W. 2d 1062. The facts as to the court's action and the ruling were the same in the two cases. The court, without the knowledge of counsel for the parties, caused the bailiff to procure from the foreman and deliver to the court the jury's work sheet. This was held to be reversible error because it constituted a communication between the judge and the jury concerning the case, not made in open court, and was in violation of Article 2195 of the statutes, now Rule 283. The opinion in the first of the two cited cases states further that "it is not the lawful concern of the judge or any person other than the jury what the state of its deliberations was."

In the instant case the incident of which complaint is made

occurred in open court and when counsel for both parties were present and, as has been said, there was in our opinion no disclousure of the state of the jury's deliberations, but merely a disclosure of the beliefs of the several jurors as to whether a verdict could be reached. And, further, the record shows no coercion of the jury and no prejudice suffered by respondent.

■ Although we have sustained petitioner's contention that the Court of Civil Appeals should not have reversed the trial court's judgment, on the ground that has been discussed, it becomes our duty to look to respondent's brief in the Court of Civil Appeals to determine whether the judgment of that court should be affirmed on another ground. State of Texas v. The Praetorians, 143 Texas 565, 569-570, 186 S.W. 2d 973, 158 A.L.R. 596.

Respondent in its brief filed in this Court insists that the Court of Civil Appeals should have held that the trial court's overruling its objections to a hypothetical question addressed to petitioner's only medical witness was error sufficient to necessitate a reversal. The question and the objections to it are fully set out in the opinion of the Court of Civil Appeals (236 S.W. 2d 824, 826-827) and will not be repeated here. The question finally asked, after a statement of the facts that the witness was to assume, was whether in his opinion it was reasonably probable that the injury of which petitioner complains in this suit caused the condition that the witness found in petitioner's back. This was one of the principal issues in the case. The substance of respondent's objection to the hypothetical question is that it was confusing because it included a number of subjective symptoms and then asked the witness to disregard those symptoms and to place his answer on the objective symptoms, and that on this account the answer would be unintelligible to the jury, and further that the question contained the assumption of petitioner's own opinion as to his disability to work. The Court of Civil Appeals expressed the opinion that, while the subjective symptoms and the opinion of petitioner as to his ability to return to work should have been eliminated from the question, the inclusion of those assumptions in the question was not error so harmful as to necessitate reversal.

■ After careful consideration of the question, the objections and the testimony which preceded the asking of the question, we agree with the Court of Civil Appeals that the trial court's action in overruling the objections made to parts of the question was not error that of itself should require reversal. Considerable latitude is permitted in the propounding of hypotheti-

cal questions to expert witnesses, and the form and wording of the questions is left largely to the discretion of the trial court. Shuffield v. Taylor, 125 Texas 601, 609-611, 83 S. W. 2d 955; McCormick and Ray's Texas Law of Evidence, pp. 799-803, Secs. 634-635.

Taking into consideration all of the issues submitted by the trial court to the jury, we agree with the opinion of the Court of Civil Appeals wherein it holds that respondent was not deprived of the unconditional submission of issues as to partial incapacity and temporary incapacity.

■ By point in its brief in the Court of Civil Appeals, respondent presents contentions that the findings of the jury that petitioner suffered accidental injury and the findings that he was totally and permanently disabled as a result of the accidental injury alleged and another finding of the jury are so against the preponderance of the evidence as to be clearly wrong. The Court of Civil Appeals in its opinion expressed serious doubt as to the sufficiency of respondent's evidence even to justify the submission of the case to the jury, but finally says that because there are other reasons requiring reversal and remand of the cause, "we pretermit further discussion as to the weight or preponderance of the evidence, as the same may be different on another trial." Thus the court, because it was reversing the trial court's judgment on another ground, failed to pass upon respondent's points presenting questions as to the sufficiency of the evidence. It is necessary to remand the cause to the Court of Civil Appeals in order that it may decide those questions.

The judgment of the Court of Civil Appeals is reversed and the cause is remanded to that court.

Opinion delivered July 25, 1951.

Rehearing overruled October 3, 1951.