## UNION CITY TRANSFER et al. v. ADAMS.
### No. 15332.

Court of Civil Appeals of Texas.
Fort Worth.

March 28, 1952.

Rehearing Denied April 25, 1952.

eighths inch atrophy of the left forearm and one-half inch wasting of the arm. In his opinion the injury and pain to the neck were permanent and appellee will continue to suffer partial disability.

The court instructed the jury they could take into consideration past and future physical pain, past and future mental pain and anguish, loss of earnings to date of trial, and value of loss of earning capacity in the future.

No exceptions were taken to the court's charge.

John H. Benckenstein, of Beaumont, for appellants.

Wm. H. Hamblen, of Edna, Duckett & Duckett, of El Campo, and Helm & Jones, of Houston, for appellee.

RENFRO, Justice.

Suit was brought in the district court of Wharton County by appellee Adams against appellants, Cecil and E. H. Vallee, individually and doing business as a partnership under the name of Union City Transfer, to recover damages for personal injuries and property damage sustained in a collision between appellee's passenger car and a truck owned by appellants and driven by their employee.

The jury found that appellee was injured as a result of the collision and returned a verdict in the sum of $13,000 in his favor.

Appellants' first point of error complains the verdict was excessive.

Appellee was twenty-eight years of age at the time of the collision and had a life expectancy of 38.61 years. He testified at length as to the injury to his neck and shoulder and described in detail the pain and suffering he had undergone since the time of the collision up to and including the date of trial. He was a roughneck in oil field work by trade and since the collision has had difficulty holding on to various tools and objects necessary in his work. He has lost a considerable amount of weight. He is highly nervous since the injury and has difficulty sleeping at night. He was still under medical treatment at the time of the trial. Appellee's wife substantiated his testimony as to loss of sleep and constant complaints of pain, and further testified that appellee's mind seemed to wander off and he was not dependable as before the injury. The witness, Dr. Glassman, orthopedic surgeon, testified that an examination of appellee showed three-

We have carefully considered all the testimony bearing on appellee's condition, as well as that hereinabove set out. There is no accurate scale for measuring the money value of damages sustained by an injured person. Each case must be considered upon its own particular facts. Bee Line Coaches v. Folterman, Tex.Civ.App., 207 S.W.2d 986; J. D. Wright & Son Truck Line v. Chandler, Tex.Civ.App., 231 S.W.2d 786.

While the verdict is large, it is not so large as to justify us in disturbing it. The record does not reflect anything to indicate the jury was influenced by passion, prejudice or other improper influence. Texas Power and Light Co. v. Martin, Tex. Civ.App., 226 S.W. 451; Hill & Hill Truck Line, Inc. v. Van Schoubroek, Tex.Civ.App., 233 S.W.2d 167. The weight to be given the testimony and the credibility of the witnesses were within the province of the jury. Viewing the evidence in the light most favorable to the verdict, as we must do, we believe the evidence was sufficient to uphold the jury finding. The point of error is overruled.

By their second point of error, appellants contend it was error for the court to inquire of the jury the state of their deliberations. The evidence on the hearing on the motion for new trial discloses that the court inquired of the jury on two different occasions their wishes concerning lunch, and late in the evening inquired if they thought they could reach a verdict "this evening or tonight".

Appellants confine their contention to the allegation that the communications were inquiries as to the state of the jury's

deliberations. There was no effort in the notes to ascertain how many questions had been answered and no inquiry as to how they stood on any issue or issues. The most that can be said is that the inquiries were made for the purpose of looking after the comfort and welfare of the jurors. The facts in the instant case readily distinguish it from Houston Electric Co. v. Lee, 139 Tex. 166, 162 S.W.2d 692, and Houston Electric Co. v. McLeroy, 139 Tex. 170, 163 S.W.2d 1062, cited by appellants. In those cases the court procured the worksheets from the jury while they were deliberating. In the instant case, we hold that the communications did not inquire of the jury the state of their deliberations. Foreman v. Texas Employers' Ins. Ass'n, Tex.Sup., 241 S.W.2d 977.

The third and fourth points presented by appellants suggest the case should be reversed because appellee's attorney repeatedly propounded questions to witnesses as to matters which he was aware they could not testify to and continually made prejudicial statements in the form of questions to witnesses relating to matters of fact and opinion foreign to the issues in the case.

The record shows that objections were sustained to most of the questions referred to and the jury instructed not to consider same. Some of the questions were not answered and the objections to some questions were overruled by the court. Appellants at no time asked for further instructions, or for a mistrial.

In some instances the mere asking of a question injects into the record improper and irrelevant matter of such an injurious or prejudicial nature which results in such harm as would require a reversal. There may also be circumstances where counsel so persistently and continuously ask improper questions that a reversal is required, even though objection has been sustained to the questions and answers.

■ However, no such situation appears in this case. The questions were of such nature that their harmful effect, if any, was removed by the court's instructions.

Some of the questions asked, to which the objections of appellants were overruled, were of inconsequential nature; others were in relation to such matters as were already in evidence, that the rulings of the court, even if erroneous, were not of such nature as was reasonably calculated to cause and probably did cause an improper verdict. Texas Rules of Civil Procedure, rule 434; King v. Federal Underwriters Exchange, 144 Tex. 531, 191 S.W.2d 855; Texas Employers' Ins. Ass'n v. Brock, Tex. Com.App., 36 S.W.2d 704.

The point of error is overruled.

■ Appellants' sixth point alleges error on the part of appellee's attorneys in taking the jury into the jury room after the verdict had been returned and instructing them not to talk to appellants or their attorneys about the case. The allegations are without supporting evidence. On the hearing of the motion for new trial, the attorneys for appellee testified, without contradiction, that they told the jurors they had the right to talk to anyone or not talk, as they desired, that in the event they did talk to anyone concerning the case, appellee's attorneys would appreciate the courtesy of being notified so one of said attorneys could be present. We overrule the point of error.

The appellants allege it was error for the court to refuse appellants the right to interrogate the jury about the misconduct alleged in their amended motion for new trial. The amended motion for new trial states in substance that the appellants, "feeling and believing there was misconduct of the jury, they contacted them and made an effort to get them to tell what happened but they refused"; that appellants believe the jury reached a quotient verdict; and that appellants had inquired of the jurors whether they discussed insurance, why they sent for paper and pencil, how they arrived at a verdict of $13,000, and many other pertinent questions, but to each and all the jurors refused to give any information.

No reason is given for their belief that a quotient verdict was rendered and no claim is made why they thought the jury was guilty of any misconduct during their deliberations.

The amended motion for new trial was not verified and no affidavits were attached or presented along with same.

■ In the absence of affidavits, it was necessary for the appellants to show in their motion a reasonable explanation and excuse as to why affidavits could not be secured and exhibited in connection with sufficient allegations of material jury misconduct. Roy Jones Lumber Co. v. Murphy, 139 Tex. 478, 163 S.W.2d 644.

■ The motion for new trial did not set forth any fact upon which to base their belief that a quotient verdict had been returned and no allegation as to misconduct on the part of any juror or jurors. The cause shown for not attaching affidavits is in effect that appellants could not find any evidence of jury misconduct. Under the circumstances we believe the allegation in the motion amounted to nothing more than an effort to go on a fishing expedition on the motion for new trial to try to develop evidence of jury misconduct from the jurors. We believe no good cause is shown, as such term is used by the Supreme Court in Roy Jones Lumber Co. v. Murphy, supra, and find that the trial judge did not abuse his discretion in refusing to hear testimony from the jurors.

By their seventh point of error appellants allege it was error for the court to permit the jury to separate and go their separate ways after the case had been submitted to them for a verdict.

■ The record shows that the jury stayed in the jury room without eating until late in the afternoon. They sent word to the court asking for permission to go to supper. They were called into the jury box where they were told by the court they could separate and go eat their supper and then come back as soon as they had finished and resume their deliberations. Permitting the jury to separate temporarily for their meal was within the discretion of the court. Rule 282, T.R.C.P. Furthermore, the appellants have shown no injury or probable injury resulting from their separation while eating their meal.

Appellants filed a motion asking for the right to open and close the evidence and jury argument, setting out that they had in their amended answer admitted the collision was the result of negligence of their truck driver while acting in the course of his employment. Their motion was denied and it is contended by appellants the trial court erred in his ruling.

Appellants' amended answer affirmatively denied that appellee had sustained any injury as a result of the collision and affirmatively denied that he was entitled to any damages.

■ The appellee had the burden of proving that he was injured and the burden of establishing the various elements of damage claimed, and under the court's charge he had the burden of proof as to both issues submitted to the jury.

The admission on the part of appellants of liability for the collision would avail appellee nothing if he could not prove he was injured thereby and suffered damages.

■ The test for determining which party has the affirmative, and therefore the burden of establishing a case, is found in the result of an inquiry as to which party would be successful if no evidence at all were given, the burden, of course, being on the adverse party. Walker v. Money, 132 Tex. 132, 120 S.W.2d 428; Keller v. Miller, Tex.Civ.App., 207 S.W.2d 684, writ refused, n.r.e.

We conclude the court did not err in refusing to allow the appellants to open and close the evidence and the argument.

Finding no reversible error, we affirm the trial court's judgment.