TEXAS EMPLOYERS' INS. ASS'N

v.

ROSS.

No. 6327.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 5, 1953.

Rehearing Denied Nov. 9, 1953.

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Bob Huff, Lubbock, for appellee.

PITTS, Chief Justice.

This is a workmen's compensation suit wherein appellee, Fred Ross, as employee, filed suit against appellant, the Texas Employers' Insurance Association, a corporation, as insurance carrier, because of injuries sustained by him on or about April 5,

1952, while he as employee was engaged in the course of his employment by Farmers' Cooperative Compress as employer. The case was tried to a jury and judgment was rendered for appellee upon the verdict. Appellee was awarded the sum of $25 per week for a period of 19 weeks because of total disability and for the sum of $19.25 per week for an additional period of 300 weeks because of 75% partial disability permanently.

Appellant has appealed from the judgment and presents nine points of error. It first charges reversible error because of the refusal of the trial court to declare a mistrial or to grant a new trial as a result of the passing of an improper communication between the trial judge and a juror in violation of the rules of procedure. The point urged is supported by a full and comprehensive bill of exception approved by the trial court after it had been submitted to appellee's counsel and found by him to be correct.

The bill of exception reflects that following the reading of the charge to the jury by the trial court and the argument of counsel, the court directed the jury to retire to consider of their verdict; that thereupon sole counsel for appellant who participated in the trial left the courtroom for a brief period with permission and consent of the court first had; that during the brief absence from the courtroom of counsel for appellant, one of the impaneled jurors, C. H. Craig, wrote a note to the court, reading as follows: "I have been *dignosed* (by Dr. Dunn) as having the *sam* condition, would it be proper to mention it?"; that thereupon the court did not have the jury return in a body to the courtroom for further instruction, but the court directed the deputy sheriff in charge of the jury to tell juror C. H. Craig "No" and the said deputy sheriff did tell juror Craig "No" in answer to his question and such answer was given to juror Craig by the deputy sheriff out of the presence of the other jurors; that the said communications were not made in open court and the answer given by the court to the juror through the deputy sheriff was not reduced to writing but was given orally;

that upon the return of appellant's counsel to the courtroom 15 or 20 minutes later, the matter was then and there made known to the said counsel, who immediately filed a motion for a mistrial by reason of such passing of an improper communication in violation of the rules of procedure and without counsel for appellant having an opportunity to submit an objection thereto; that such motion was then and there overruled by the trial court. The record reveals that appellant thereafter timely sought a new trial for the same reason in part but was overruled. The record likewise reveals that Dr. Dunn, whose name was shown in the juror's note, was a practicing physician and surgeon of Lubbock who had testified in the case concerning his examination of appellee a few days after the alleged injury occurred. The record further reveals that prior to the occurrence in question the trial court had, among other instructions, properly given the jury precautionary instructions about separating when not deliberating as a jury and refraining from discussing the case with others, about deciding the case upon the evidence heard only and nothing else, and about how to communicate with the court during deliberation, if such be desired, only in writing through the jury foreman and in open court.

Our Texas Rules of Civil Procedure Numbers 282, 283, 284, 285 and 286 were derived from Articles 2194, 2195, 2196, 2197 and 2198, Revised Civil Statutes, unchanged except for minor additional matters added in Rules 285 and 286. These rules and the statutes from which they were derived carefully outline the conditions under which a jury shall deliberate and the manner in which a jury may communicate with the court and the court with the jury. Rules 282, 283 and 284 provide means for protecting the jury and its verdict from any outside influences during its deliberation. Rules 285 and 286 provide means for communication between the court and the jury during its deliberation only in open court through the jury foreman with all of the jury appearing before the judge in a body and, if the trial judge should give the jury any additional instructions during its delib-

eration, such must be given in writing. The courts have uniformly held that the provisions of these rules must be strictly observed and that any violation thereof or failure to comply with the provisions thereof constitutes error that requires a reversal regardless of whether injury is shown or not.

In construing the statutes referred to, it was so held in the following cases: Millerman v. Houston & T.C.R. Co., Tex.Civ. App., 27 S.W.2d 897; Gerneth v. Galbraith Foxworth Lumber Co., Tex.Com.App., 38 S.W.2d 775; City of Waco v. Craven, Tex. Civ.App., 54 S.W.2d 883; Belser v. Achley, Tex.Civ.App., 57 S.W.2d 278; Houston Electric Co. v. Lee, 139 Tex. 166, 162 S.W. 2d 692; Houston Electric Co. v. McLeroy, 139 Tex. 170, 163 S.W.2d 1062. In construing the new rules referred to, which supersede the cited statutes without any material changes being made, it was so held in the cases of Freeman v. Hillman, Tex.Civ.App., 173 S.W.2d 657, and Burkett v. Slauson, Tex.Sup., 237 S.W.2d 253. In construing the statutes the Commission of Appeals in the case of Houston Electric Co. v. Lee, 139 Tex.166, 162 S.W.2d 692, 693, said in part:

"It is well settled, as appears from the cases cited, that it is reversible error for the court and jury to confer about the case except in the manner provided by the statutes."

While in construing the rules, the Supreme Court in the case of Burkett v. Slauson, Tex.Sup., 237 S.W.2d 253, 255, said in part:

"Rule 282 requires the jury to be kept together under certain conditions. And other safeguards are thrown around the jury, as provided for in Rules 283, 284, 285, 286, and 287. During their deliberations the trial judge is not permitted to communicate with the jurors, except in open court. Texas Midland R. Co. v. Byrd, 102 Tex. 263, 115 S.W. 1163, 20 L.R.A.,N.S., 429; Houston Electric Co. v. Lee, 139 Tex. 166, 162 S.W.2d 692."

It will be noted that the Supreme Court in the Burkett-Slauson case cited with approv-

al the Houston Electric Co.-Lee case along with other authorities cited. It will also be noted that in the Houston Electric Co.-Lee case the communication in question between the trial judge and the jury was communicated through the jury bailiff as was done in this case but such was held to be reversible error nevertheless. Both the Houston Electric Co. v. Lee and the Houston Electric Co. v. McLeroy, supra, were cited with approval by the Supreme Court in the case of Foreman v. Texas Employers' Ins. Ass'n, 241 S.W.2d 977, although the facts in the Foreman case were materially different from those in the cases cited.

■ It is conceded that the trial judge did not intend to do any wrong or to commit any error. But the rules require that a communication such as is here reflected by the record must be given in writing, in open court, through the jury foreman and with all of the jury present in a body if it is given at all. All of these provisions of the rules were here violated and the written instructions the trial court had previously given the jury in its charge concerning such a communication were likewise violated. The communication was also improperly given at a time when appellant's counsel was absent for a brief period of time with the approval and consent of the trial court. Such conduct and other such of the same legal effect and not materially different have been uniformly held to be in violation of the rules of procedure and to constitute reversible error, regardless of whether or not injury has been shown. For the reasons stated and under the authorities cited, we believe this cause must be reversed and remanded. In addition to the authorities previously cited our position is supported also by the following cases: Neely v. Woolley, Tex.Civ.App., 143 S.W.2d 1015; Scroggs v. Morgan, 133 Tex. 581, 130 S.W.2d 283; Clevenger v. Carl B. King Drilling Co., Tex.Civ.App., 62 S.W.2d 1001; Corn v. Crosby County Cattle Co., Tex.Com.App., 25 S.W.2d 290; Lorenzen v. Keenan, Tex.Civ.App., 266 S.W. 839.

Appellee charges that no injury or harm has been shown. But the courts have consistently held that when the rules have been

thus violated, reversal must follow regardless of whether or not an injury has been shown or a wrong was intended. Appellee seems to contend also that the provisions of the new rules overturned the provisions of the former statute concerning the rules governing a communication between the trial court and an impaneled juror during deliberation and he seems to rely· principally upon the case of Denbow v. Standard Acc. Ins. Co., 143 Tex. 455, 186 S.W.2d 236. It appears to us, however, that an examination of the new rules here applicable reveals that they merely restate and reaffirm the provisions of the statutes from which the new rules were derived. It also appears to us after an examination of the Denbow case that such case reveals a different factual situation in which the court in a majority · opinion construed other and different rules of procedure but did not pass on a question such as is here presented or the rules governing such. We find no fault with the authorities cited by appellee in support of his contentions here made but such authorities apply to different factual situations than those here presented and are governed by other and different rules of procedure.

Under the state of the record before us, we think the trial court was justified in refusing to submit appellant's requested Special Issues 1 through 7 about which action appellant complains in other points of error. However, we think the trial court would have complied with the rules of better practice if it had separated the two separate matters inquired about in Special Issue No. 11 and have submitted them in two separate issues. Rule 277 authorizes the submission of two inconsistent matters or questions disjunctively in one issue when it appears that one or the other of the facts or conditions inquired about necessarily exists, such as whether or not the injured employee was permanently or temporarily disabled or whether or not his incapacity was total or partial. Special Issue No. 11 here inquired whether or not appellee's incapacity after eight weeks was "caused solely by arthritis or a pre–existing disease arising wholly independent of any injury" sustained by him on the date alleged. Appellant contends that neither of these matters inquired about "necessarily existed" or caused his incapacity and the jury so found. But we think it would be better practice to submit such a matter in two separate issues so the jury could answer the questions concerning the two separate matters inquired about differently if it should choose to do so.

Appellant's first point of error is sustained but its other points are accordingly all overruled. For the reasons stated the judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.