**Charles Monroe HUNT, Appellant,**

**v.**

**Mary Louise JONES, Appellee.**

**No. 4880.**

Court of Civil Appeals of Texas, Waco.

March 5, 1970.

Rehearing Denied April 2, 1970.

Sheehy, Jones, Cureton, Westbrook & Lovelace, Waco, for appellant.

Jones & Francis, Dunnam, Dunnam & Dunnam, Waco, for appellee.

OPINION

WILSON, Justice.

Plaintiff, a passenger in a taxicab which collided with the rear of a preceding car, recovered judgment for personal injuries

in a jury trial against the driver of the taxicab.

Defendant presents 26 points asserting legal and factual inadequacy of the evidence to support adverse jury findings on proper lookout, speed, causation and damages.

It would serve no precedential purpose to narrate the evidence on these issues, with which the parties are fully familiar. The record sustains the verdict as against the attacks made.

Defendant's first point is that the court erred in refusing to allow him "to inquire of the appellee respecting injuries received prior" to the date of the accident here involved. The assignment in the motion for new trial was similarly global, asserting the court erred in ruling in response to objection that defendant "could not inquire of plaintiff respecting injuries prior to" the accident.

Defendant, on the contrary, was permitted to and did make extensive inquiries concerning plaintiff's injuries prior and subsequent to the date of the accident. Her deposition contained her testimony that she cut her arm several months previously, requiring 25 stitches. She testified on inquiry by defendant that she injured her left ankle before the accident and was treated by a doctor; that she later fell and bruised her knee, for which she had medical treatment; that she subsequently had an accident, requiring treatment, in which her leg, hip, back and shoulder were hurt. In short, the court did not refuse to permit defendant to inquire about prior injuries.

In his brief defendant points to an isolated instance in which plaintiff objected to the question: "And just a few months before that is when you cut your arm and had 25 stitches in it, is that right?" The objection was that the evidence was "immaterial; she's not complaining about her arm". The objection made should have been overruled under this record. Aside from the absence of a specific assignment particularizing this error, however, it is harmless. Defendant read before the jury the question and answer in plaintiff's deposition in which she testified to the arm injury, the stitches, and the time; and the question to which objection was sustained sought only to elicit a repetition of that testimony. Under the entire record any error in sustaining this objection was not reasonably calculated to cause rendition of an improper judgment.

Defendant assigns error to refusal to submit a requested special issue and instruction on unavoidable accident. We doubt that the record has been preserved in a manner which authorizes consideration of the point, but assuming it has been preserved, the requested definition of unavoidable accident [1] is improper under the holding of the Supreme Court in Dallas Railway and Terminal Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379, 385. See Hodges, Special Issue Submission (1959) Sec. 12, p. 34; Sec. 19b 51. It is not reversible error to refuse to submit an instruction not in substantially correct form. Rule 279, Texas Rules of Civil Procedures; Hodges, Special Issue Submission Sec. 66, p. 164.

Appellant's points have each been considered and all are overruled. Affirmed.

1. Definition requested: " 'Unavoidable accident' means one that occurs without the *fault* of either of the parties *to this lawsuit*". This definition is patterned on those in Dallas Railway and Terminal Co. v. Price, 131 Tex. 319, 114 S.W.2d 859 and Houston Electric Co. v. Mc-

Leroy, 139 Tex. 170, 163 S.W.2d 1062, holdings in both of which were overruled in Dallas Railway and Terminal Co. v. Bailey, above. The requested definition would relate the inquiry to "fault", and not to negligence.